No. 91-178

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

NORMAN RALPH NELSON,

Defendant and Appellant.

FILED

DEC 19 1991

*Cd Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Marcelle C. Quist, Bolinger & Quist, Bozeman,
Montana.

For Respondent:

Marc Racicot, Attorney General, Helena, Montana;
Carol E. Schmidt, Assistant Attorney General,
Helena, Montana; Mike Salvagni, Gallatin County
Attorney, Bozeman, Montana; Gerry Higgins, Deputy
County Attorney, Bozeman, Montana.

Submitted on Briefs: November 8, 1991

Decided: December 19, 1991

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Norman Ralph Nelson was convicted in Gallatin County Justice Court of driving a motor vehicle without proof of insurance and while under the influence of alcohol. In a trial de novo on appeal to the District Court for the Eighteenth Judicial District, Gallatin County, he was again convicted of driving under the influence of alcohol (DUI). Nelson appeals. We affirm.

The issue is whether Nelson was denied his right to speedy trial.

Nelson was arrested on January 29, 1990, and charged with violation of §§ 61-6-304 (no proof of insurance) and 61-8-401 (DUI), MCA. Trial was set for June 20, 1990, in the Gallatin County Justice Court. On that date, the justice of the peace called counsel into his chambers and informed them that a continuance was needed because of another trial then in progress. Because justice courts are not courts of record, the discussion between court and counsel was not transcribed. Nelson was not present in chambers: he was waiting out in the hall. The court's subsequent order stated:

> The defendant, by and through his attorney of record, McKinley Anderson, having made an oral Motion for Continuance and having orally waived his right to a speedy trial:
>
> IT IS HEREBY ORDERED, the above-entitled matter is re-set for JUDGE TRIAL on Wednesday, September 12, 1990 at 1:30 p.m.

Nelson was tried and found guilty in Justice Court on September **12,** 1990. He then appealed to District Court as allowed under § **46-17-311,** MCA.

In District Court, Nelson filed a motion to dismiss for lack of speedy trial. The District Court denied the motion on grounds that it had no review jurisdiction over the Justice Court and that it could only count the time from when the notice of appeal was filed. Nelson was retried in District Court on February **26,** 1991, and again was found guilty as charged.

Nelson's attorney testified in District Court that he was unable to recall whether he had moved for a continuance and waived Nelson's right to speedy trial in Justice Court. The Justice Court's order, however, affirmatively states that the attorney did so. It is presumed that a judicial record correctly determines or sets forth the rights of the parties. Section **26-1-602(17),** MCA. We conclude that the testimony of Nelson's attorney does not demonstrate that the court's order was in error in stating that the attorney orally moved for a continuance and waived the right to a speedy trial.

Nelson argues that he was not bound by his attorney's acquiescence with a continuance and waiver of the right to speedy trial in Justice Court, because the agreement was not entered with his knowledge or made upon the record or in open court. He cites § **37-61-401(1)** (a), MCA:

(1) An attorney and counselor has authority to:

(a) bind his client in any steps of an action or proceeding by his agreement filed with the clerk or entered upon the minutes of the court and not otherwise.

Section **37-61-401,** MCA, has been applied solely to agreements between attorneys. See, e.g., St. Paul Fire & Marine Ins. Co. v. Freeman **(1927), 80** Mont. **266, 274-75, 260** P. **124, 127;** Bush v. Baker **(1913), 46** Mont. **535, 544-46, 129** P. **550, 553-54.** The purpose of the statute is to relieve the presiding judge of determining controversies between attorneys as to their unexecuted agreements. Bush, **129** P. at **553.** This statute has not been applied to matters presented before a court of law.

"[A] literal construction would greatly retard the business of the court and lead to absurd consequences. Every admission, consent or agreement made in the course of the trial would either have to be reduced to writing or filed with the clerk or by the clerk entered in his minutes. It was never intended that the section should receive such a construction." [Citation omitted.]

. . . [W]hen [a party] appears by attorney, the latter, while acting as such, has control and management of the case, and his sayings and doings in the presence of the court concerning the cause are the same as though said and done by the party himself. [Citation omitted.]

State v. Turlok **(1926), 76** Mont. **549, 563, 248** P. **169, 175.** We conclude that Nelson is bound by his attorney's motion for a continuance and waiver of the right to a speedy trial.

Nelson next asserts that he was denied his right to speedy trial in District Court because speedy trial dates should be determined from the date of arrest, not the date the District Court

4

assumed jurisdiction. In State v. Sanders (1973), 163 Mont. 209, 214, 516 P.2d 372, 375, this Court adopted Standard 12-2.2(c) of the American Bar Association Standards for Criminal Justice. That standard provides that, in cases of appeal or an order for a new trial, the time for trial should begin running from the date of the order granting the new trial. In this case, that would be the date of appeal to District Court. Nelson has not made a persuasive argument for abandoning the established standard.

Finally, Nelson argues that the application of a felony speedy trial analysis under Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, is prejudicial to a misdemeanor defendant. He maintains that the six-month statutory speedy trial deadline set forth at § 46-13-201(2), MCA (1989), should be applied to appeals from justice court to district court, not just to the initial trial before a justice court.

Nelson's argument is without merit because the standard set forth at § 46-13-201(2), MCA (1989), has been met in this case. The District Court assumed jurisdiction on September 14, 1990. Trial was held in District Court on February 26, 1991. The interval between assumption of jurisdiction and trial, one hundred sixty-five days, is less than the six months prescribed by § 46-13-201(2), MCA (1989). Nelson does not argue, and we have never held, that a delay of one hundred sixty-five days is enough to establish denial of the right to speedy trial under the Barker analysis.

We further conclude that Nelson was not denied his right to speedy trial in Justice Court. One hundred forty-two days expired between Nelson's arrest and his original trial date. That is within the time allowed under § 46-13-201(2), MCA (1989). On his original trial date, as discussed above, Nelson, through his attorney, waived his right to speedy trial and a new trial date was set. Nelson's Justice Court trial was held on the date then set. We hold that the State has met its burden of showing why Nelson was not tried in Justice Court within the six months allowed under § 46-13-201(2), MCA (1989).

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

6

December 19, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent **by** United States mail, prepaid, to the following named:


Marcelle C. Quist
QUIST LAW OFFICE
1805 West Dickerson
Landmark Center, Bldg. 2, Suite 1A
Bozeman. MT  59715

Hon. Marc Racicot, Attorney General

Justice Bldg.
Helena, MT  59620

A. Michael Salvagni, County Attorney
Gerry M. Higgins, Deputy
615 S. 16th Ave.
Bozeman, MT  59715


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
　　Deputy