No. 97-369

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 14


STATE OF MONTANA,

Plaintiff and Respondent,

v.

MICHAEL HAYES,

Defendant and Appellant.



APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell Fagg, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Brad L. Arndorfer, Arndorfer Law Firm, Billings, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Patricia J. Jordan,
Assistant Attorney General, Helena, Montana

Dennis Paxinos, Yellowstone County Attorney; Shawn P. Cosgrove,
Deputy Yellowstone County Attorney, Billings, Montana



Submitted on Briefs:  January 15, 1998

Decided:   January 30, 1998
Filed:


_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.


¶1    Michael Hayes (Hayes) appeals from the judgment entered by the Thirteenth

Judicial District Court, Yellowstone County, on his conviction of the offense of driving under the influence of alcohol (DUI), contending that the District Court erred in denying his motion to dismiss for lack of a speedy trial in the Yellowstone County Justice Court. We affirm.

¶2    The sole issue on appeal is whether the District Court erred in denying Hayes' motion to dismiss for lack of a speedy trial in the Justice Court based on its interpretation of § 46-13-401(2), MCA.

### BACKGROUND

¶3    Hayes was charged with DUI in the Justice Court. He pleaded not guilty on May 28, 1996, and trial was set for November 27, 1996. On the day before trial, Hayes moved to dismiss for lack of a speedy trial. He argued that the 6-month period for trial of a misdemeanor charge set forth in § 46-13-401(2), MCA, should be calculated as 180 days and, under such a calculation, his right to a speedy trial had been violated. The Justice Court denied the motion, tried Hayes in absentia, found him guilty of DUI and entered sentence and judgment.

¶4    Hayes timely appealed to the District Court and moved to dismiss for lack of a speedy trial in the Justice Court. After briefing, the District Court denied the motion. Hayes subsequently pleaded guilty to the DUI charge, reserving his right to appeal the speedy trial issue. The District Court entered judgment and Hayes appeals.

### DISCUSSION

¶5        Did the District Court err in denying Hayes' motion to dismiss
          for lack of a speedy trial in Justice Court?

¶6    The District Court rejected Hayes' argument that the statutory speedy trial period should be interpreted to mean 180 calendar days, concluding that the "6 months" set forth in § 46-13-401(2), MCA, means that a misdemeanor charge generally must be tried within 6 months. On that basis, it denied Hayes' motion to dismiss for lack of a speedy trial.

¶7    Whether a defendant's speedy trial rights have been violated is a question of law. We review a district court's conclusion of law to determine whether the interpretation of the law is correct. State v. Keating (Mont. 1997), ___ P.2d ___, ___, 54 St.Rep. 1250, 1252 (citation omitted).

¶8    Under § 46-13-401(2), MCA, a misdemeanor charge ordinarily must be dismissed if "not brought to trial within 6 months" after the entry of a plea. We previously have held that the statutory 6-month period begins to run on the day following the event which triggers the running of the time limitation and expires 6 months later. See State v. Belgarde (1990), 244 Mont. 500, 507, 798 P.2d 539, 544 (citing State v. Ronningen (1984), 213 Mont. 358, 691 P.2d 1348). Applying that interpretation to the facts of this case, the 6-month time period began to run on May 29, 1996--the day after Hayes pleaded not guilty--and expired November 29, 1996--6 months later. Hayes' trial was scheduled for, and held on, November 27, 1996, and, as such, the trial was timely for purposes of § 46-13-401(2), MCA.

¶9    Hayes argues, however, that Belgarde and Ronningen did not specifically focus on the definition of "6 months" as that time period is set forth in § 46-13-401(2), MCA.  He suggests that other cases refer to a precise number of days, rather than 6 months, and contends that those cases support his "more logical" position that 6 months means 180 days, calculated as 6 months containing 30 days each.  His arguments are not persuasive.

¶10   It is technically accurate to say that we did not specifically focus on the meaning of the "6 months" language contained in § 46-13-401(2), MCA, in Belgarde or Ronningen.  The reason, however, is relatively clear.  We interpret statutes by declaring what is contained therein; we do not insert what has been omitted or omit what has been inserted.  Section 1-2-101, MCA.  Section 46-13-401(2), MCA, says "6 months."  It does not say 180 days or 6 months of 30 days each, and we may not delete the language used and substitute other language.  Given the number of statutes in which the legislature has chosen to state a time period in days rather than in months, it is abundantly clear that, when the legislature desires to do so, it is  aware of how to accomplish that goal.   See, e.g., §§ 46-13-110, 46-14-202, and 46-15-323, MCA.

¶11   Moreover, we interpret statutes according to the plain meaning of  the language used.   State v. Gatts (1996), 279 Mont. 42, 47, 928 P.2d 114, 117 (citation omitted).  Black's Law Dictionary 1007 (6th ed. 1990) defines "month" as "calendar month[;]" it clarifies that "month" means the time from any day of a month in the calendar to the corresponding day of the next month.  Thus, for example, 1 month would be from the 29th day of May to the 29th day of June.  Correspondingly, 6 months would be from the 29th day of May to the 29th day of November.  We conclude that the "6 months" language in § 46-13-401(2), MCA, means 6 calendar months.

¶12   Nor are the cases on which Hayes relies of any help to him here.  As discussed above, we have not heretofore technically defined the meaning of "6 months" as contained in § 46-13-401(2), MCA.  Therefore, any earlier discussion of § 46-13-401(2), MCA, in terms of number of days is superseded by our conclusion above that 6 months means 6 calendar months.  Moreover, the only § 46-13-401(2), MCA, case to which Hayes cites in this regard is State v. Nelson (1991), 251 Mont. 139, 822 P.2d 1086.  There, while we observed that 142 days had elapsed between the arrest and the original trial date in the justice court, our holding was that "the State has met its burden of showing why Nelson was not tried in Justice Court within the six months allowed under [the statute]."  Nelson, 822 P.2d at 1088.  Nelson is not authority for defining the statutory period as being comprised of a certain number of days.  The remainder of the speedy trial cases advanced by Hayes involved speedy trial issues in the district courts, rather than in the justice courts, and we analyze those cases under the 4-part speedy trial test set forth by the United States Supreme Court in Barker v. Wingo (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101, 112-13, not the 6-month statutory period.  See, e.g., State v. Bartnes (1988), 234 Mont. 522, 527, 764 P.2d 1271, 1274.

¶13   Finally, we note--and reject--Hayes' argument that it is "more logical" that the statutory "6 months" means 180 days, calculated as 6 30-day months, than that it means 6 calendar months.  The Gregorian calendar commonly used in the United States and Montana contains 12 calendar months of unequal numbers of days.  Only 4 of those months--September, April, June and November--contain 30 days.  Seven other months contain 31 days, and February contains either 28 or 29 days depending on which year it is in.  Given that only one-third of the calendar months in the year contains 30 days, there is little "logic" in Hayes' argument that 6 months means 180 days calculated as 6

30-day months.

¶14　The District Court having correctly concluded that the "6 months" contained in §
46-13-401(2), MCA, means 6 months and not 180 days, we hold　that the District Court
did not err in denying Hayes' motion to dismiss for lack of a speedy trial.

¶15　Affirmed.

/S/　KARLA M. GRAY

We concur:

/S/　J. A.　TURNAGE
/S/　JAMES C. NELSON
/S/　WILLIAM E. HUNT, SR.
/S/　JIM REGNIER