No. 88-445

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

WALLIS J. THOMPSON,

       Defendant and Appellant.

---

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Stillwater,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Moses Law Firm; Charles F. Moses, Billings, Montana

    For Respondent:

        Marc Racicot, Attorney General, Helena, Montana
Clay R. Smith, Asst. Atty. General, Helena
C. Ed Laws, Stillwater County Attorney, Columbus,
Montana

---

Submitted on Briefs:  March 31, 1989

Decided:  May 17, 1989

Filed:

             Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This case comes to us on appeal from a jury verdict in the Thirteenth Judicial District, Stillwater County, the Honorable Diane G. Barz presiding, finding the appellant, Wallis J. Thompson, guilty of the offense of Driving Under the Influence of Alcohol, a violation of § 61-8-401, MCA. We affirm.

On January 7, 1987, Deputy Clifford Brophy arrested appellant for the offense of driving under the influence of alcohol. After his arrest, Officer Brophy drove appellant to the sheriff's office in Columbus, Montana. At trial, the parties stipulated that during the drive to Columbus, Officer Brophy informed appellant of his rights under Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

Once at the sheriff's office, Officer Brophy advised appellant of his rights under Montana's Implied Consent Law, pursuant to § 61-8-402, MCA. Appellant refused to take a blood, breath or urine test. Next, appellant performed a series of field sobriety tests, including reciting the alphabet, walking a straight line and holding his foot six inches off the floor for approximately thirty seconds. Upon completion of the sobriety tests, Officer Brophy again advised appellant of his Miranda rights. Appellant signed a waiver of his Miranda guarantees. Thereafter, Officer Brophy questioned appellant in detail regarding the incident. An audio-video tape recorded appellant's comments and actions while in the sheriff's office, including those made during the sobriety tests, the reading of Miranda warnings, his waiver of rights, and questioning by Officer Brophy.

On March 4, 1987, appellant was found guilty of Driving Under the Influence of Alcohol by a justice court jury. Appellant appealed to the District Court. On April 21, 1988,

a District Court jury also found appellant guilty of the offense of Driving Under the Influence of Alcohol. The District Court sentenced appellant to 60 days in jail with all but one suspended, issued a $300 fine, required attendance in an Assessment Course and Treatment School (ACT) and ordered payment of court costs totaling $421.57.

Appellant raises the following issues on appeal.

1. Did the District Court err when it allowed the audio-video tape into evidence?

2. Did the District Court err when it limited the evidentiary purpose of appellant's Exhibits A and B?

The Fifth Amendment to the United States Constitution and Art. II, sec. 25 of the Montana Constitution, provides that no person may be compelled to testify against himself in a criminal proceeding. However, we distinguish compelling "communications" or "testimony" from real or objective evidence taken from the accused. Schmerber v. California (1966), 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908; State v. Jackson (1983), 206 Mont. 338, 672 P.2d 255; State v. Armfield (1984), 214 Mont. 229, 693 P.2d 1226. In these instances, we have consistently stated that the privilege against self-incrimination does not extend to real or objective evidence. State v. Finley (1977), 173 Mont. 162, 566 P.2d 1119.

Appellant contends the video tape should have been excluded as a denial of his constitutional rights, arguing that the actions and verbal comments made during the field sobriety tests were testimonial in nature. Further, because he was in the custody of the police, appellant argues his comments made during the taping were a result of custodial interrogation and therefore, required Miranda warnings.

The crucial inquiry in this case--whether the audio-video tape of the comments and actions of the appellant constituted constitutionally prohibited testimonial

compulsion or merely real, physical, or objective evidence--is similar to the inquiry presented in Finley. In that case, we held that the video tape was objective evidence and, therefore, outside the protection of the Fifth Amendment to the United States Constitution and Art. II, sec. 25 of the Montana Constitution. Finley, 566 P.2d at 1121. The video tape demonstrated defendant's performance of sobriety tests and his manner of speaking:

> [T]he audio-video tape was introduced into evidence not for the incriminating content of the words uttered by defendant, but as evidence helpful to the jury in understanding the testimony of the police officers and employees who observed defendant's unsteady walk and slurred speech in the police station.

Finley, 566 P.2d at 1121. See also, State v. Johnson (Mont. 1986), 719 P.2d 1248, 43 St.Rep. 913; Armfield. We conclude the audio-video tape in the present case is objective evidence and not entitled to Fifth Amendment protection.

Appellant attempts to distinguish Finley by stating that Finley was advised of his Miranda rights prior to the taping and appellant Thompson was not so advised. While we find appellant's assertion questionable in light of the stipulation entered into between the parties before trial, our earlier holding eliminates the need for discussion of this issue.

> Because we hold the audio-video tape of defendant in the police station was objective evidence, unprotected by defendant's constitutional privilege against self-incrimination, the holding in Miranda is inapplicable to the facts of this case.

Finley, 566 P.2d at 1122. Therefore, we do not determine whether the Miranda warning, stipulated by the parties as given to appellant in the police car, would have sufficed to sustain any incriminating testimonial statements.

4

Further, we reject appellant's charge of custodial interrogation. Officer Brophy merely requested appellant perform a series of sobriety tests. At trial, Judge Barz viewed the audio-video tape and concluded that defendant's spoken words did not include any testimonial information. We agree. Our reading of the transcribed audio-video tape reveals that the officer did not interrogate appellant prior to advising him of his Miranda rights, nor question appellant while he performed the sobriety tests. Though appellant chose to make voluntary comments during the tests, these comments were not the result of interrogation. Voluntary statements are not entitled to constitutional protection under Miranda. Miranda, 384 U.S. at 478, 86 S.Ct. at 1630, 16 L.Ed.2d at 726.

The second issue raised on appeal is whether the District Court erred in limiting the purpose for which appellant's Exhibits A and B were admitted into evidence. Exhibits A and B are pamphlets published by the Montana Highway Traffic Safety Division of the Department of Justice containing information regarding alcohol consumption. The District Court admitted the pamphlets for the limited purpose that they were publications of the Department of Justice of the State of Montana, and admonished the jury that the pamphlets were not admitted for their truth or accuracy.

Appellant argues that under Rule 902(5), M.R.Evid., the pamphlets are authentic and an exception to hearsay prohibitions under the public records or reports exception, Rule 803(8), M.R.Evid. While we agree that the pamphlets are self-authenticating, they do not fall within the public records exception.

Rule 803(8), M.R.Evid., provides in part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . .

(8) Public records and reports. To the extent not otherwise provided in this paragraph, records, reports, statements, or data compilations in any form of a public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law. The following are not within this exception to the hearsay rule: (i) investigative reports by police and other law enforcement personnel; (ii) investigative reports prepared by or for a government, a public office, or an agency when offered by it in a case in which it is a party; (iii) factual findings offered by the government in criminal cases; (iv) factual findings resulting from special investigation of a particular complaint, case, or incident; and (v) any matter as to which the sources of information or other circumstances indicate lack of trustworthiness.

Appellant's argument relies upon a federal decision addressing the public records exception. We note, however, that the commission rejected the Federal Rule, and instead adopted the Uniform Rule because "[i]t was clearer than the Federal Rule and because it expressed better policy with certain reports in requiring the official to testify rather than admitting his report as a hearsay exception." Rule 803(8), M.R.Evid., Commission Comment, reprinted in 3 MCA Annotations at 354 (1988). Appellant's reliance is therefore inappropriate.

To meet this exception, appellant must demonstrate the pamphlets were either derived from the public office or agency's regularly conducted and recorded activities,

6

published as a result of a duty imposed by law upon the public office or agency, or resulted from an investigation made pursuant to authority granted by law. Rule 803(8), M.R.Evid. Appellant failed to lay a proper foundation to demonstrate that the informational pamphlets fit within one of these three categories.

We find the District Court properly admitted the exhibits for the limited purpose that they are publications of the Department of Justice of the State of Montana.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

7

Mr. Justice William E. Hunt, Sr., dissenting:

I dissent. The statements made by Thompson during the videotaping are not objective evidence. Therefore, the statements are protected under the Fifth Amendment.

_____
Justice