No. 02-227

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 290

CITY OF HELENA,

        Plaintiff and Respondent,

    v.

GEORGE PETER KORTUM,

        Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Lewis and Clark, Cause No. BDC 2000-241,
Honorable Jeffrey M. Sherlock, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

            Michael D. McLean, Knight, Dahood, McLean, & Everett,
Anaconda, Montana

        For Respondent:

            Robert J. Wood, City Prosecutor, Helena, Montana

Submitted on Briefs:  July 11, 2002

Decided:  October 21, 2003

Filed:

                                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      On June 17, 2000, the City of Helena (City) charged George Peter Kortum (Kortum) with driving under the influence of alcohol (DUI) pursuant to § 61-8-401(1), MCA, and running a red light pursuant to § 61-8-207(3), MCA.  On November 16, 2000, a jury in Helena City Court returned a verdict of guilty on both charges.  Kortum appealed to the First Judicial District Court for Lewis and Clark County, and on February 26, 2002, a six-member jury returned a verdict of guilty on both charges.  Kortum appeals his DUI conviction.  We affirm.

¶2      We address the following issues on appeal:

¶3      1.  Whether the District Court abused its discretion in denying Kortum's motion for a directed verdict on grounds the field sobriety tests were administered improperly and not pursuant to established police procedure.

¶4      2.  Whether the District Court abused its discretion when it prohibited defense counsel from utilizing a pamphlet in closing argument which had been previously admitted into evidence.

## FACTUAL AND PROCEDURAL BACKGROUND

¶5      On June 17, 2000, Kortum went to Helena with friends to attend the Jazz Festival.  At trial, Kortum testified that he consumed approximately three drinks during the course of the day.  Later that evening, he and several friends departed from a bar, with Kortum driving his truck.

¶6 Officer David Glowacki (Glowacki), a Helena City Police Officer, traveling northbound on Park Avenue, observed Kortum's truck make a very wide turn onto Park Avenue, with the truck traveling completely into the southbound turn lane. He observed the wheels of the truck cross the centerline several times. Then, as Kortum pulled up to the traffic light at the intersection of Benton and Euclid Avenues, his truck almost came to a complete stop, but when the light turned red, proceeded through the traffic light. The maneuver at the stop light was videotaped from an in-car camera and was later shown to the jury.

¶7 Based upon these observations, the officer stopped Kortum on Euclid Avenue near the Vann's store parking lot and asked for license, registration, and proof of insurance. Kortum had trouble getting his wallet out of his pocket and, although he eventually complied, Kortum had to be prompted to produce the other requested documents, at which time his passengers began assisting him. Glowacki noted the odor of alcohol.

¶8 Based upon his contact with Kortum and his observations of Kortum's driving, Glowacki asked Kortum to perform several standard field sobriety tests (SFSTs), which, according to Glowacki, were performed unsatisfactorily. Trial testimony revealed that another officer on the scene said to Glowacki that there might be a better location for the tests. Glowacki replied that, in his opinion, he had "enough [of Kortum's] driving" on video to justify the arrest and decided not to re-administer the SFSTs. After the SFSTs were administered, Glowacki requested that Kortum take a breath test, but he refused. Kortum was then placed under arrest and taken to the police station for booking.

3

¶9 At the police station, Kortum again refused to take a breath test. However, Glowacki offered Kortum the opportunity to re-take the SFSTs. Glowacki testified that although Kortum performed better on the tests administered at the police station, nothing changed his mind about Kortum's impaired ability to drive.

¶10 Prior to trial, defense counsel sought a ruling from the District Court regarding the admissibility of a pamphlet called *BAC and You* published by the State of Montana Department of Transportation (DOT). *BAC and You* provides general information to the public about blood alcohol content and contains a chart for determining various blood alcohol percentages. Printed directly below the heading on the chart are the words "THIS IS ONLY A GUIDE."

¶11 The District Court ruled that the pamphlet would be admissible (providing the proper foundation was laid), not for the purpose of the truth or accuracy of the information contained therein, but only for the limited purpose that it was a publication of the State of Montana. During his opening statement, Kortum's counsel referred to the chart in the *BAC and You* pamphlet as a basis for deciding whether Kortum had sufficient alcohol in his bloodstream to presume intoxication. The City objected and demanded a mistrial on grounds the references to the pamphlet violated the District Court's order. Overruling the City's motion, the District Court permitted Kortum's counsel to discuss the contents of the pamphlet, but instructed the jury that the statistics inside the pamphlet were not evidentiary. During closing argument, Kortum's counsel again referred to the pamphlet as a basis for

deciding whether Kortum's ability to drive was impaired, and the City again objected. At that point, the District Court forbid any further discussion regarding the pamphlet.

¶12 At the conclusion of the prosecution's case, Kortum moved for a directed verdict based upon grounds that the SFSTs were administered improperly and in violation of acceptable police procedures, and, as a result, there was insufficient evidence to prove beyond a reasonable doubt that Kortum's ability to safely operate his motor vehicle was impaired. The District Court denied Kortum's motion. On appeal, Kortum challenges the District Court's denial of his motion, and the limitation imposed by the court on his use of the *BAC and You* pamphlet.

## Issue 1

¶13 **Did the District Court abuse its discretion by denying Kortum's motion for a directed verdict on grounds the field sobriety tests were administered improperly and not pursuant to established police procedure?**

## STANDARD OF REVIEW

¶14 This Court reviews a denial of a motion for a directed verdict in a criminal case to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *State v. Landis*, 2002 MT 45, ¶ 23, 308 Mont. 354, ¶ 23, 43 P.3d 298, ¶ 23. The decision is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. *Landis,* ¶ 23.

5

**DISCUSSION**

¶15 Kortum argues the District Court abused its discretion in denying his motion for a directed verdict on grounds that the SFSTs were administered improperly and not pursuant to established police procedure and, as such, these tests could not prove beyond a reasonable doubt that he was guilty of driving under the influence of alcohol. Kortum contends that both the sobriety tests conducted in the field and those conducted at the police station were technically flawed.

¶16 As part of his argument, Kortum contends that because the SFSTs were not properly administered, evidence about the tests was not competent and, therefore, inadmissible. However, Kortum neither made this argument nor objected to the admission of testimony about the tests in the District Court and, therefore, did not preserve the argument for appeal. Thus, we decline to consider the argument. We have consistently held that "'[t]his Court will not consider issues raised for the first time on appeal when the appellant had the opportunity to make an objection at the trial level.'" *State v. Dahlin*, 1998 MT 113, ¶ 13, 289 Mont. 182, ¶ 13, 961 P.2d 1247, ¶ 13 (citing *State v. Weeks* (1995), 270 Mont. 63, 86, 891 P.2d 477, 491).

¶17 Glowacki administered the alphabet recitation, the one-legged stand and the walk-and-turn SFSTs to Kortum during the stop on Euclid Avenue. Kortum alleges these SFSTs were administered at a location that had a six-degree slope which artificially influenced the test results. He contends a more level location for the tests existed in the near vicinity, but

that Glowacki refused to re-administer the tests in the field, even though another officer at the scene pointed out a more suitable location.

¶18    Kortum further contends that the SFSTs administered at the police station were likewise conducted improperly and not pursuant to established police procedure. Although his performance on these tests was improved, Kortum nonetheless contends that the test results were artificially influenced by Glowacki's failure to remove a large laundry basket from the middle of testing area, thereby presenting an obstacle to Kortum during testing.

¶19    For these reasons, Kortum argues that the SFSTs were flawed, and that, because he did not take a breath test, either in the field or at the police station, there was insufficient evidence to prove that he operated his vehicle under the influence of alcohol. Thus, he requests that we reverse the District Court's denial of his motion for directed verdict.

¶20    Glowacki testified that the location he chose near Euclid Avenue, although not ideal, was smooth, away from traffic, and had a stripe on the ground for Kortum to follow while performing the tests. According to Glowacki, he administered the tests in the manner in which he was trained and in the best location overall. Glowacki explained that he did not re-administer the SFSTs in the field because, in his view, the sloped surface where Kortum performed the SFSTs did not have any impact on the validity of the test results.

¶21    Regarding the SFSTs conducted at the station, Glowacki testified that the presence of the laundry basket, although in the vicinity of the testing area, did not affect the test results. He explained that tests administered at the police station are often improved because

of better lighting and a smoother surface, and that, although the test results at the station were better, this did not change his mind that Kortum was impaired.

¶22    The State is not required to produce evidence of a quantifiable blood alcohol content to demonstrate a defendant is driving under the influence of alcohol. *State v. Price*, 2002 MT 150, ¶ 19, 310 Mont. 320, ¶ 19, 50 P.3d 530, ¶ 19.  Sections 61-8-401(5) and 61-8-404(3), MCA, provide that evidence bearing on the issue of whether a person was under the influence of alcohol is not limited to blood and breath samples, but that "other competent evidence" may also be introduced.  Standard field sobriety tests are but one "tool which can assure the officer that the person is in fact under the effect of intoxicating beverages." *State v. Forest* (1989)*, 236 Mont. 129, 133, 769 P.2d 699, 701.  This Court has consistently upheld a full range of competent evidence, other than sobriety test results, as sufficient evidence of driving under the influence of alcohol. *See State v. Van Kirk*, 2001 MT 184, 306 Mont. 215, 32 P.3d 735; *City of Missoula v. Robertson*, 2000 MT 52, 298 Mont. 419, 998 P.2d 144; *State v. Martinosky*, 1999 MT 122, 294 Mont. 427, 982 P.2d 440.  The manner in which a vehicle is driven can be evidence of driving under the influence of alcohol. *State v. Peterson* (1989), 236 Mont. 247, 250, 769 P.2d 1221, 1223; *State v. Palmer* (1991), 247 Mont. 210, 216-17, 805 P.2d 580, 584.

¶23    Further, the fact Kortum refused to take a breath test both in the field and at the police station constitutes competent evidence in a DUI trial.  We have held that "evidence of a person's refusal to submit to a breathalyzer test is admissible, in accordance with § 61-8-

404(2), MCA." *Robertson*, ¶ 40; *see also Forest*, 236 Mont. at 133, 769 P.2d at 702. Section 61-8-404(2), MCA, provides:

> (2) If the person under arrest refused to submit to one or more tests as provided in this section, proof of refusal is admissible in any criminal action or proceeding arising out of acts alleged to have been committed while the person was driving or in actual physical control of a vehicle upon the ways of this state open to the public, while under the influence of alcohol, drugs, or a combination of alcohol and drugs.

¶24 Here, the jury heard evidence of Kortum's refusal to take a breath test. Additionally, the jury was presented with Glowacki's observations of Kortum himself at the time of the stop and the manner in which he was driving his vehicle prior to the stop, including Kortum's wide turn into the oncoming lane of traffic, crossing the center line several times, and running a red light, which was captured on videotape and played to the jury. Also, Kortum admitted to having drunk alcohol during the course of the day. Assuming, *arguendo*, the SFSTs were flawed, this fact alone did not negate the existence of other evidence sufficient to establish the elements of the offense.

¶25 We further note that, except for his own observations, Kortum failed to present any direct evidence to counter Glowacki's testimony about the correctness of the manner in which he had administered the SFSTs. Viewing that testimony in the light most favorable to the prosecution, a rational jury could have given credence to the arresting officer's explanation of the impact of the sloped location on the SFSTs in the field and the impact of the laundry basket on the SFSTs at the police station. This Court has long held that "[t]he weight of the evidence and the credibility of the witnesses are 'exclusively the province of the trier of fact. If the evidence conflicts, it is within the province of the trier of fact to

9

determine which shall prevail.'" *Palmer*, 247 Mont. at 214, 805 P.2d at 582 (citing *State v. Oman* (1985), 218 Mont. 260, 265, 707 P.2d 1117, 1120); *State v. Brady*, 2000 MT 282, ¶ 28, 302 Mont. 174, ¶ 28, 13 P.3d 941, ¶ 28.

¶26    We conclude that, when the evidence is taken in the light most favorable to the City, a rational jury could have found Kortum guilty of DUI beyond a reasonable doubt.  Thus, the District Court did not abuse its discretion by denying Kortum's motion for a directed verdict and allowing the case to go to the jury.

## Issue 2

¶27    **Did the District Court abuse its discretion when it prohibited defense counsel from utilizing a pamphlet in closing argument which had been previously admitted into evidence?**

## STANDARD OF REVIEW

¶28    The standard of review for evidentiary rulings is whether the District Court abused its discretion.  *State v. Carter* (1997), 285 Mont. 449, 455, 948 P.2d 1173, 1176; *State v. Stringer* (1995), 271 Mont. 367, 374, 897 P.2d 1063, 1067.  Absent a showing of such abuse we will not overturn the District Court's decision.  *State v. Bingman*, 2002 MT 350, ¶ 19, 313 Mont. 376, ¶ 19, 61 P.3d 153, ¶ 19.

## DISCUSSION

¶29    Kortum argues the District Court abused its discretion in prohibiting his counsel from further utilizing the State of Montana's *BAC and You* pamphlet which had been previously admitted into evidence.  Prior to trial, Kortum's counsel sought a ruling from the District Court on the admissibility of the *BAC and You* pamphlet published by the DOT.  In its

10

March 19, 2001, order, the District Court ruled that the *BAC and You* pamphlet would be admissible under the hearsay exception for public records and reports found in Rule 803(8), M.R.Evid., providing the proper foundation was laid, and relied on this Court's decision in *State v. Thompson* (1989), 237 Mont. 384, 773 P.2d 722, which addressed the limited purpose for which such a pamphlet would be admissible:

> The Montana Supreme Court stated: '[t]he District Court admitted the pamphlets for the limited purpose that they were publications of the Department of Justice of the State of Montana, and admonished the jury that the pamphlets were not admitted for their truth or accuracy.' *Thompson*, [237 Mont.] at 388, 773 P.2d [at] 724. The supreme court held that while the defendant failed to lay the proper foundation pursuant to Rule 803[8], M.R. Evid., the district court 'properly admitted the exhibits for the limited purpose that they are publications of the Department of Justice of the State of Montana.' *Thompson*, [237 Mont.] at 389, 773 P.2d at 725.

¶30 Following this ruling, counsel for both parties stipulated that, in the interest of judicial economy, it would not be necessary to subpoena a DOT official to lay a foundation for the *BAC and You* pamphlet since the publication was obviously a publication of the State of Montana, produced in the ordinary course of the DOT's business. Further, counsel also agreed that: (1) the pamphlet was a broad generalization of data compiled by the DOT; (2) defense counsel would only argue what the pamphlet said, with the understanding its contents would not be considered evidence; and (3) defense counsel would not offer testimony therefrom as to how many drinks it would take to impair Kortum's ability to drive.

¶31 During his opening statement, Kortum's counsel specifically referred to the chart in the *BAC and You* pamphlet as a basis for deciding whether Kortum had sufficient alcohol in his bloodstream to presume intoxication:

11

DEFENSE COUNSEL: George will additionally present evidence at trial that is a pamphlet that is published by the State of Montana. And that pamphlet is going to show you, it is based upon data that the State of Montana compiled, not Mr. Kortum, as to what a person's blood alcohol content would be if they had a certain number of drinks over a certain period of time. We believe that somebody who had three drinks over many hours would be well below Montana's legal presumption of .10. We believe this pamphlet supports our position in this case, and you are going to get to take that pamphlet into the jury room and look at it for yourselves in deciding whether or not George had sufficient alcohol in his bloodstream to presume - -

The City then objected to counsel's assertion that, based on the statistics in the chart, it could be presumed Kortum was not intoxicated. The City demanded a mistrial on grounds the references to the pamphlet violated not only the court's pretrial order, but also the stipulation, and argued that defense counsel's remarks were precisely what the order prohibited. Overruling the City's request for a mistrial, the District Court allowed Kortum's counsel to discuss the contents of the pamphlet, but stated he would instruct the jury that the statistics inside the pamphlet were not evidentiary.

¶32     During closing argument, Kortum's counsel again referred to the pamphlet as a basis for deciding whether George Kortum's ability to drive was impaired:

DEFENSE COUNSEL: This pamphlet says that an individual who weighs over 200 pounds, if they have three drinks in three hours, according to this pamphlet, their blood alcohol content would be .01. The pamphlet goes on to instruct the driver of a motor vehicle with a blood alcohol content of .10 is unlawful. So according to this pamphlet - -

The City then objected on grounds the statement violated the pretrial order. At that juncture, the court warned defense counsel not to get into the details of the pamphlet and not to talk any more about the pamphlet. Despite this admonition, defense counsel again referred to the pamphlet, arguing that, according to the pamphlet, Kortum was not impaired:

DEFENSE COUNSEL: Ladies and gentlemen of the jury, you get to read the pamphlet. The pamphlet is going to go into the jury room. We don't get to take bits and pieces out for your satisfaction. You get to read the entire pamphlet. Do so when you go into the jury room. According to this pamphlet, George Kortum was not impaired.

On appeal, Kortum alleges the District Court's restriction of his counsel's use of the *BAC and You* pamphlet destroyed his ability to argue his theory of the case, ultimately denying him a fair trial.

¶33 Under Rule 104(a), M.R.Evid., "the admissibility of evidence shall be determined by the court." *See also In re Marriage of Njos* (1995), 270 Mont. 54, 61, 889 P.2d 1192, 1196 (the determination of the admissibility of evidence is within the discretion of the trial court; the court is not guided by fixed rules, but must consider the nature of the evidence and the circumstances of a particular case). In *Robertson,* the Court explained the discretion of the district court in accepting or rejecting "admissible" evidence in a DUI trial:

> '[A]dmissible,' under § 61-8-404(2) means in its ordinary sense that such evidence *may* be admitted. Rule 402, M.R.Evid., broadly states that '[a]ll relevant evidence is admissible, except as otherwise provided by constitution, statute, these rules, or other rules applicable in the courts of this state.' Thus, 'admissible' evidence may be excluded for any number of reasons . . . .

*Robertson*, ¶ 55.

¶34 Here, the District Court, in its pretrial order, ruled the pamphlet would be admissible, not for the truth or accuracy of the statements therein, but simply as a publication of the DOT. Further, the parties' stipulation did not provide a basis for arguing the pamphlet as substantive evidence regarding intoxication. At the close of the City's case, the District Court reiterated that defense counsel was not at liberty to draw a conclusion as to whether

13

Kortum was intoxicated based upon the chart in the pamphlet. However, defense counsel's closing argument clearly attempted to draw such a conclusion, even after the admonition by the District Court to refrain from any further discussion of the pamphlet.

¶35 The District Court's prohibition of the further use of the pamphlet cannot be characterized as a reversal of its previous ruling admitting the pamphlet, but rather an underscoring of its pretrial ruling. Defense counsel's attempts to argue the substantive text of the pamphlet and draw the conclusion that, based upon the statistics in the chart, Kortum could not have been intoxicated, clearly exceeded the original intent and parameters set by the District Court. It is well-established that admitting or refusing evidence lies within the sound discretion of the trial judge. *State v. Little* (1993), 260 Mont. 460, 475, 861 P.2d 154, 164. We hold the District Court did not abuse its discretion in limiting the use of the pamphlet.

¶36 We affirm.


/S/ JIM RICE


We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART

14