JUSTICE MORRIS
concurs and dissents.
¶69 I concur with the Court’s determination that Goetz and Hamper possessed a reasonable expectation of privacy in their conversations that took place in their own homes. I part ways with the Court’s conclusion, however, that Hamper similarly enjoyed a reasonable expectation of privacy in his conversation with White that took place inside White’s vehicle.
¶70 State v. Brown, 232 Mont. 1,755 P.2d 1364 (1988), plainly controls our decision on whether Hamper had a reasonable expectation of privacy in the conversation that took place in White’s vehicle. This Court held that Brown had no reasonable expectation of privacy in his conversation with an informant in “a vehicle parked in a bar parking lot.” Brown, 232 Mont, at 3, 755 P.2d at 1366. We likewise should conclude that Hamper had no reasonable expectation of privacy in his conversation with White in White’s vehicle as there is no meaningful distinction between the facts at issue here and the facts at issue in Brown.
¶71 This Court discards Brown, along with our seemingly contradictory holding in State v. Solis, 214 Mont. 310, 320, 693 P.2d 518, 523 (1984), however, in light of their reliance on federal jurisprudence and their limited analysis and application of the Montana Constitution. ¶ 24. The Solis court stated that “in face-to-face encounters in a private setting, there is a reasonable expectation that hidden monitoring is not taking place.” Solis, 214 Mont, at 318, 693 P.2d at 522. The Brown court countered, without any attempt to distinguish Solis, that “there is no violation of Montana’s right to privacy, or the prohibition against unreasonable searches and seizures, when law enforcement officers pursing [sic] their official duties perform warrantless consensual electronic monitoring of face-to-face conversations.” Brown, 232 Mont, at 11, 755 P.2d at 1371. The Court now foregoes any attempt to reconcile the broad rule in Brown and the equally broad rule, but contradictory rule in Solis, in favor of what it deems to be “more current and consistent interpretations of Article II, Sections 10 and 11 of the Montana Constitution.” ¶ 24.
¶72 The Court’s discarding of Brown represents an unnecessary departure from the principle of stare decisis. We have held that precedent should be overruled only if it is manifestly wrong. Beckman v. Butte-Silver Bow County, 2000 MT 112, ¶ 20, 299 Mont. 389, ¶ 20, 1 P.3d 348, ¶ 20. This Court squarely has affirmed the analysis in Brown on several occasions, including State v. Stoat, 251 Mont. 1,7-8, *448 822 P.2d 643, 647 (1991), and State v. Belgarde, 244 Mont. 500, 504, 798 P.2d 539, 542 (1990). Nowhere in these decisions does the Court question the continuing vitality of Brown’s analysis.
¶73 I cannot agree under these circumstances that the result in Brown is so manifestly wrong that it should be discarded entirely. The Court cites State v. Hardaway, 2001 MT 252, ¶ 51, 307 Mont. 139, ¶ 51, 36 P.3d 900, ¶ 51, to justify its discarding of Brown and Solis. ¶ 23. Hardaway, in turn, cites Solis with approval. Hardaway, ¶ 51.
¶74 For better, or worse, Solis and Brown provide our precedent on the very issue before the Court-whether warrantless electronic monitoring and recording of a party’s one-on-one conversations with a confidential informant violates the party’s reasonable expectation of privacy. Eather than discarding them to the rubbish heap, I would reconcile the holdings in Solis and Brown by limiting them to the facts that were before those courts. I would read Solis to hold that a person may have a reasonable expectation of privacy in a conversation that takes place in a “small, enclosed office” that ostensibly remains under the exclusive control of his confidant. Solis, 214 Mont, at 314,693 P.2d at 520. Solis reasonably could have assumed that the pawnbroker had exclusive control over his own “small, enclosed office.” By contrast, I would read Brown to hold that a person may not have a reasonable expectation of privacy in a conversation that takes place in a vehicle or motel that the person reasonably could not assume was under the exclusive control of his confidant. Brown, 232 Mont, at 3, 755 P.2d at 1366. Both the vehicle and the motel room at issue in Brown may have been subject to third-party ownership and a variety of different users, any of whom could subject a conversation to electronic monitoring.
¶75 I would conclude pursuant to our holding in Solis that Goetz and Hamper possessed reasonable expectations of privacy in the conversations with the informants that took place in their homes. Hamper and Goetz reasonably could have expected as much privacy in their own homes as Solis could have expected in the private office of his confidant. Solis, 214 Mont, at 314, 693 P.2d at 520. I would conclude pursuant to our holding in Brown, however, that Hamper lacked a reasonable expectation of privacy in his conversation with White in White’s vehicle, as both Hamper’s and Brown’s conversations took place under similar circumstances. White’s vehicle-like Brown’s-was parked in a parking lot. Brown, 232 Mont, at 3, 755 P.2d at 1366. Furthermore, the record does not indicate whether Hamper reasonably could be sure that his confidant exclusively had control over the vehicle in which their conversation took place. In fact, the *449 record indicates that Hamper did not know the informant, and presumably he would not know whether the informant owned or controlled the vehicle in which the conversation took place.
¶76 Other courts likewise have distinguished a warrantless search of a person’s home from a warrantless search of a person’s automobile. The Supreme Court of West Virginia recently held that warrantless consensual electronic monitoring of face-to-face conversations in a defendant’s home represents an unconstitutional invasion of privacy. The court overruled its earlier conflicting decision on the basis that the court had “assumed, without discussion, that no difference existed between a person’s reasonable expectations of privacy in his/her home, versus the privacy a person expects outside the home.” State v. Mullens, 650 S.E.2d 169, 189 (W.Va. 2007). The court supported its assertion with its earlier statement in State v. Peacher, 280 S.E.2d 559, 578 (W.Va. 1981), that “‘[a] person’s expectation of privacy in his automobile is less than that which he would have in his home[.]’ ” Mullens, 650 S.E.2d at 189. The United States Supreme Court similarly has stated that “one’s expectation of privacy in an automobile and of freedom in its operation are significantly different from the traditional expectation of privacy and freedom in one’s residence.” United States v. Martinez-Fuerte, 428 U.S. 543, 561, 96 S. Ct. 3074, 3084-85 (1976).
¶77 For these reasons, I join the Court’s opinion with respect to its decision that Hamper and Goetz possessed reasonable expectations of privacy in their conversations with the informants that took place in their homes. For these same reasons, I dissent from the Court’s opinion with respect to its decision that Hamper enjoyed a reasonable expectation of privacy in his conversation with White that took place inside White’s vehicle.