No. 89-592

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

     Plaintiff and Respondent,

  -vs-

GILBERT BELGARDE,

     Defendant and Appellant.

APPEAL FROM:  District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

     Gilbert Belgarde, Box Elder, Montana, Pro Se

  For Respondent:

     Hon. Marc Racicot, Attorney General, Helena, Montana
George Schunk, Asst. Atty. General, Helena, Montana
Patricia Jensen, Esq., Hill County Attorney's
Office, Havre, Montana

Submitted on Briefs:  August 23, 1990

Decided:  September 18, 1990

Filed:

FILED
'90 SEP 18 AM 9 40
ED SMITH, CLERK
MONTANA SUPREME COURT

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Twelfth Judicial District of the State of Montana, in and for the County of Hill. Defendant, Gilbert Belgarde, was found guilty by a jury of driving a motor vehicle while under the influence of alcohol (DUI). We affirm.

We restate the issues on review before this Court as follows:

1. Whether the District Court erred in denying the defendant's motion to exclude an audio-tape of defendant.

2. Whether the law enforcement officer had a "particularized" suspicion to justify an investigative stop of the defendant's vehicle.

3. Whether there was probable cause to arrest defendant for driving under the influence of alcohol.

4. Whether the defendant was denied his right to a speedy trial.

On October 12, 1988, at approximately 1:50 a.m., Hill County Deputy Sheriff Larry Overcast was driving north on Highway 87, south of Havre near the Rocky Boy Indian Reservation. By radar, Officer Overcast clocked an oncoming car at about 46 m.p.h. The officer began to follow the car. Officer Overcast testified that the car: (1) swerved over the fog line twice in three miles; (2) veered toward an oncoming car; and (3) accelerated to speeds of over seventy miles an hour. Considering these facts and the fact that the bars in Havre had recently closed, Officer Overcast

2

determined that there was reasonable suspicion that a DUI offense was in progress and proceeded to stop the vehicle.

The driver of the vehicle was defendant Gilbert Belgarde. Defendant failed several field sobriety tests administered by Officer Overcast. Overcast also testified that he detected the odor of alcohol upon the defendant. For these reasons Officer Overcast arrested defendant and transported him to the Havre Police Department.

While in the squad car en route to Havre, Officer Overcast tape recorded defendant. The recording demonstrates that the defendant cussed and verbally abused the officer. In addition, a video taped interview at the station shows that the defendant refused to follow the officer's directions to perform various field sobriety tests, and was obnoxious and irate toward the officers present. A second law enforcement officer at the station testified that he observed the defendant's staggering movements and also detected the odor of alcohol on the defendant.

Following a jury trial on April 12, 1989, in the Justice Court of Hill County, City of Havre, the defendant was found guilty of DUI. A notice of appeal dated April 13, 1989, was filed in the Justice Court. The defendant filed motions to dismiss and to exclude evidence in the District Court. The District Court ruled on these motions on July 24, 1989.

In its order dated July 25, 1989, the court denied defendant's motion to dismiss for lack of probable cause to make the initial stop and granted defendant's motion to exclude a transcript of the

3

subject tape recording but that the tape recording itself would be admissible.

Following a jury trial held in the District Court on August 22, 1989, defendant was found guilty of DUI. Defendant appeals this conviction. We affirm.

Additional facts will be discussed as necessary.

I.

Whether the District Court erred in denying the defendant's motion to exclude a tape recording made by the arresting officer.

Defendant's underlying contention is that his right against self-incrimination was violated because the tape recording was made without his knowledge or consent. Defendant also argues that the Montana statute authorizing law enforcement officers to record conversations, § 45-8-213(1), MCA, is unconstitutional.

We first consider defendant's exception to § 45-8-213(1), MCA. Apparently, defendant is contending that the right to privacy section of the Montana Constitution prohibits the use of audio-tape recordings as evidence under the facts of this case. Defendant cites no legal authority in support of his argument.

We have disposed of a similar argument in State v. Brown (1988), 232 Mont. 1, 755 P.2d 1364. In Brown, defendant was convicted of criminal sale of dangerous drugs. During the sting operation which led to defendant's conviction, an audio-tape was made of conversations between defendant and an undercover officer who posed as a purchaser. The audio-tape was admitted at trial.

4

On appeal defendant argued that the audio-tape violated her right to privacy. We held that "warrantless consensual electronic monitoring of face-to-face conversations by the law enforcement officers while pursuing their official duties, does not violate the right to be free of unreasonable searches and seizures nor the privacy section of the Montana Constitution." Brown at 8, 755 P.2d at 1369. So long as one of the parties to the conversation clearly, knowingly and voluntarily consents, the evidence obtained by such monitoring is admissible at a criminal trial. Id. We refuse to reverse this rule.

Furthermore, § 45-8-213(1)(c), MCA, provides quite clearly that a public official or employee is exempt from the privacy in communications statute so long as the recording is made in the performance of official duty. Officer Overcast made the recording while on official duty as a police officer during the transport of defendant to Havre. We hold that there was no violation of any statute or constitutional guarantee by the tape recording.

We now turn to defendant's contention of self-incrimination. In the case of State v. Finley (1977), 173 Mont. 162, 566 P.2d 1119, this Court upheld the use of an audio-video tape of a defendant performing sobriety tests against a claim of self-incrimination. We held that the audio-video tape was objective evidence which was outside the scope of protection provided by Article II, Section 25 of the Montana Constitution and the Fifth Amendment to the United States Constitution. Finley at 166, 566 P.2d at 1121.

We reaffirmed our holding of Finley in State v. Thompson (1989), 237 Mont. 384, 773 P.2d 722. We held that the audio-video tape which demonstrated defendant's performance of sobriety tests and his manner of speaking was objective evidence and not entitled to Fifth Amendment protection.

Here, as in Finley and Thompson, the crucial inquiry is whether the taped comments of the defendant constituted constitutionally prohibited testimonial compulsion or merely real, physical, or objective evidence. The record is devoid of evidence indicating that the recording contained any speech of defendant which was testimonial in nature. Rather, all defendant's statements captured by the tape were voluntary and none served to incriminate the defendant. Additionally, the tape did not contain defendant's responses to interrogation by police. The tape recording was introduced into evidence for the sole purpose to aid the jury in understanding the testimony of Officer Overcast who observed defendant's demeanor in the police car. The content of defendant's tape-recorded words are not meaningful, in and of themselves, but rather the manner in which they were delivered and the nature of defendant's "tirade" is probative of defendant's intoxication. We find that the tape provides positive indicia that defendant was under the influence of alcohol. We hold that the tape is objective evidence and, therefore, outside the protection of the Fifth Amendment to the United States Constitution and Article II, Section 25 of the Montana Constitution. We further hold that defendant was not denied his privilege against self-

6

incrimination when the District Court properly admitted the tape into evidence.

## II.

Whether the law enforcement officer had a "particularized" suspicion to justify an investigative stop of defendant's vehicle.

The defendant alleges that Officer Overcast was without authority to stop his vehicle because he lacked probable cause to do so. This contention is erroneous and we cite the following:

> All that is required of an officer in making an investigatory stop is that he have a "particularized" or "reasonable" suspicion that criminal activity may be afoot. This is the applicable standard for an investigative stop of a vehicle; or in other words "some basis from which the court can determine that the detention was not arbitrary or harassing." State v. Gopher (Mont. 1981), 631 P.2d 293, 295, 38 St.Rep. 1078, 1081, relying on United States v. Cortez (1981), 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621.

State v. Sharp (1985), 217 Mont. 40, 45, 702 P.2d 959, 962.

The District Court found that Officer Overcast had sufficient cause to stop defendant and had a right at the time, based on reasonable suspicion and logical inference, to stop the defendant's vehicle to investigate a possible DUI in progress. The District Court based its finding upon Officer Overcast's testimony which established the following: (1) defendant's vehicle was travelling at approximately ten miles per hour below the posted speed limit; (2) the time was 1:50 a.m. which was shortly after the bars close; (3) defendant's vehicle drifted over the fog line twice while travelling approximately three miles; (4) defendant's vehicle

7

rapidly accelerated to speeds exceeding 70 miles per hour as Overcast's car approached; and (5) defendant's vehicle veered toward an oncoming car.

Based on the District Court's findings which we will not set aside unless clearly erroneous, we hold that Officer Overcast had a sufficient basis for his particularized suspicion of illegal activity.

The defendant argues that Officer Overcast falsely testified regarding the above factors which justified Overcast's "particularized" suspicion. The defendant claims that Officer Overcast decided to stop the vehicle only after discovering, through a registration check, that a Native American was driving. The defendant concludes that the decision to make the investigatory stop was discriminatory.

The defendant's argument was presented to the District Court and jury. Officer Overcast testified that upon stopping the vehicle, he had no idea who was driving the vehicle. The defendant has failed to point to any evidence in the record which supports his argument. Defendant's argument is supported solely by his own speculation. Pursuant to Rule 52(a), M.R.Civ.P., we give due regard to the opportunity of the trial court to judge the credibility of the witnesses. The trier of fact is responsible for weighing the credibility of Officer Overcast's testimony and his stated reasons for stopping defendant's vehicle. Defendant's claim of racial discrimination is not supported by any objective evidence in the record. We hold that the stopping of defendant's vehicle

was justified.

## III.

Whether there was probable cause to arrest defendant for driving under the influence of alcohol.

The threshold issue for the validity of an arrest is probable cause. State v. Lee (1988), 232 Mont. 105, 109, 754 P.2d 512, 515. Defendant contends that Officer Overcast did not have probable cause to arrest defendant for driving under the influence of alcohol. We disagree.

The officer's reasonable suspicion which justified the stop ripened into probable cause to arrest for DUI. We refer to the substantial evidence comprised of defendant's intoxicated condition as testified to by two officers, defendant's staggered movements, failed field sobriety tests, use of obscene language toward Officer Overcast as heard on the audio-tape and other obnoxious and aggressive behavior as shown on the videotaped interview. We hold that the substantial evidence presented indicates that there was ample justification for placing the defendant under arrest for DUI.

Defendant attempts to establish a discriminating basis for his arrest, as well as his stop. Defendant contends that a "jail or bail" policy for Native Americans exists among the law enforcement personnel of Hill County. Defendant attempted to document this policy through a "statement of verification" appended to his brief. Defendant's "statement of verification" is not properly part of the record on appeal pursuant to Rule 9, M.R.App.Civ.P. As such, we

cannot consider this document in disposing of this appeal. Furthermore, defendant fails to support his discrimination claim with any objective evidence from the record. The record, indeed, is devoid of any evidence that the defendant was arrested because of his race. We hold that probable cause existed for defendant's arrest and that defendant's arrest was not discriminatory.


IV.

Whether the defendant was denied his right to a speedy trial.

Speedy trial analysis for misdemeanor prosecutions is governed by statute. State v. Ronningen (1984), 213 Mont. 358, 691 P.2d 1348. Section 46-13-201(2), MCA, provides:

> The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed if a defendant whose trial has not been postponed upon his application is not brought to trial within 6 months after entry of plea upon a complaint, information, or indictment, charging a misdemeanor.

The defendant was cited on October 12, 1988. Pursuant to Rule 21(a), M.R.App.Civ.P., the statutory six-month period within which a prosecution must be brought began the following day, October 13, 1988. The six-month deadline thus expired on April 12, 1989. Similarly, in Ronningen we held that the time period in which to bring a misdemeanor prosecution that commenced with the filing of an information on October 12, 1983, expired on April 12, 1984. Here, the defendant was tried in Justice Court on April 12, 1989. As such, the prosecution was timely for purposes of § 46-13-201(2), MCA.

The defendant's conviction is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

11