FILED

12/06/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0167

DA 15-0167

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 317

CITY OF RED LODGE,

      Plaintiff and Appellee,

  v.

GEREMY LEE PEPPER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Carbon, Cause No. DC 14-49
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Chief Appellate Defender, Haley Connell Jackson, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Mardell L. Ployhar, Assistant
Attorney General, Helena, Montana

            Joel Todd, Red Lodge City Attorney, Hope Freeman, Deputy City
Attorney, Red Lodge, Montana

                        Submitted on Briefs:  November 10, 2016

                                  Decided:  December 6, 2016

Filed:

                           _____
                                       Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Appellant Geremy Lee Pepper (Pepper) appeals from an order entered in the Twenty-Second Judicial District Court, Carbon County, denying his motion to dismiss. The issue to be determined on appeal is whether Pepper's statutory right to speedy trial guaranteed under § 46-13-401(2), MCA, was violated. We affirm.[1]

## PROCEDURAL BACKGROUND

¶2 Pepper was charged with two counts of theft and two counts of deceptive practices in the City Court of Red Lodge on March 26, 2014. The charges alleged that Pepper made purchases on two credit cards that did not belong to him. Pepper pleaded not guilty to the offenses on April 3, 2014, at his initial appearance.

¶3 The City Court issued its first scheduling order on April 25, 2014, directing the Appellee City of Red Lodge (City) to provide discovery by May 22, 2014; setting an omnibus hearing for July 3, 2014; setting a motions hearing for July 31, 2014; and a jury trial for August 15, 2014.

¶4 The City provided Pepper with some discovery on April 16, 2014. However, missing from that discovery was a recorded interview of Pepper, recorded interviews of several witnesses; a video that allegedly showed one of the criminal acts; written statements from Pepper and a witness; and a police report. On June 19, 2014, Pepper's counsel sent a letter to the City's attorney informing her of the several key pieces of missing discovery which had not been provided in compliance with the court's

---

[1] We remand for the limited purpose of conforming the written judgment to the oral pronouncement of Pepper's sentence.

2

scheduling order. Pepper's counsel also communicated to the City's attorney by email that given the amount of discovery outstanding, she planned to continue the omnibus hearing, "along with other deadlines in the Scheduling Order," and asked if there was any objection. The City's attorney did not object.

¶5 On July 3, 2014, Pepper filed a Motion to Vacate Scheduling Order and Reset Omnibus. The motion detailed the numerous items of discovery still not produced by the City, and requested "the Court to vacate the deadlines in the April 25, 2014 Scheduling Order and reset the omnibus hearing in this matter." Pepper's counsel indicated that "[g]iven the dearth of information currently in Defendant's possession, Defendant does not have the ability to address the issues that should be discussed during the omnibus hearing." The court granted Pepper's motion and rescheduled an omnibus hearing for August 7, 2014, but did not vacate or address any of the other dates set forth in the April 25, 2014 scheduling order.

¶6 On July 15, 2014, Pepper's counsel sent another email to the City's attorney and inquired, again, of the missing discovery. The City responded that the officer involved in the case had been on vacation, but that the missing discovery would be provided shortly. Pepper subsequently received the City's entire discovery on July 30, 2014. Thereafter, on August 6, 2014, Pepper filed a Motion for Scheduling Order requesting a new motions deadline; new motions hearing; and a new trial date. Pepper represented that he now had the necessary discovery to prepare his motion to suppress.

¶7     On August 8, 2014, the City Court issued a second scheduling order that set a motions deadline of August 21, 2014; an omnibus hearing of September 11, 2014; a final pretrial hearing of September 25, 2014; and a jury trial of September 26, 2014.

¶8     On September 16, 2014, the City filed a motion to continue trial, representing that one of its witnesses had moved to Arizona and that the jury trial date of September 26, 2014, did not allow sufficient time to purchase an airline ticket without being cost prohibitive. Pepper objected to any continuance. The court addressed the City's request for continuance at the motions hearing and inquired whether any party had previously moved for a continuance. In response to the City's representation that he had previously requested a continuance, Pepper maintained that he had to ask for the continuance in order to prepare his motion to suppress because the City had not complied with discovery deadlines previously imposed by the court. After considering that the City Attorney was not available for trial on dates which would have been within the six-month statutory speedy trial deadline—as well as the need for the court to have adequate time to consider the motion—the court set Pepper's jury trial for October 31, 2014, nearly one month outside the six-month statutory speedy trial period.

¶9     On October 23, 2014, Pepper filed a motion to dismiss due to a violation of his statutory six-month speedy trial right. The City Court denied Pepper's motion, concluding that the speedy trial statute was inapplicable because Pepper had requested a new scheduling order. Additionally, the court found good cause because of the financial hardship to secure a material witness and the need to consider and resolve Pepper's

4

motion to suppress, which was more complicated than initially appeared from the written submissions of the parties.

¶10 Pepper was tried on October 31, 2014, and found guilty of one count of deceptive practices. Following imposition of sentence in City Court, Pepper appealed his conviction to the District Court. The District Court stayed Pepper's sentence pending the outcome of his appeal. Pepper challenged on appeal, among other issues, the City Court's denial of his motion to dismiss for violation of his statutory speedy trial right. The District Court affirmed the City Court's order. Pepper appeals to this Court the denial of his statutory speedy trial right under § 46-13-401(2), MCA, and to conform the oral pronouncement of his sentence with the written judgment.

## STANDARDS OF REVIEW

¶11 On appeal from a municipal court, the district court functions as an intermediate appellate court. Sections 3-5-303, 3-6-110, MCA; *City of Kalispell v. Gabbert*, 2014 MT 296, ¶ 12, 377 Mont. 17, 338 P.3d 51. In its appellate capacity, the district court is confined to review of the record and questions of law. Section 3-6-110, MCA; *Gabbert*, ¶ 12. When reviewing the decision of the district court in such an appeal, we review the case as if the appeal had originally been filed in this Court, applying the appropriate standard of review. *Gabbert*, ¶ 12; *City of Helena v. Broadwater*, 2014 MT 185, ¶ 8, 375 Mont. 450, 329 P.3d 589.

¶12 Whether the statutory right to a speedy trial has been violated is a question of law. *Gabbert*, ¶ 13; *State v. Luke*, 2014 MT 22, ¶ 10, 373 Mont. 398, 321 P.3d 70; *State v.*

5

*Zimmerman*, 2014 MT 173, ¶ 11, 375 Mont. 374, 328 P.3d 1132. We review the trial court's legal conclusions to determine whether the court's interpretation of law is correct. *Gabbert*, ¶ 13. The trial court's underlying factual findings are reviewed to determine whether those findings are clearly erroneous. *Gabbert*, ¶ 13.

## DISCUSSION

¶13 Pepper argues that his right to a speedy trial pursuant to § 46-13-401(2), MCA, was violated. Section 46-13-401(2), MCA, provides:

> After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.

¶14 This Court has explained that § 46-13-401(2), MCA, mandates the dismissal of any misdemeanor charge not brought to trial within six months only if two conditions are met: (1) the defendant has not asked for a continuance; and (2) the State has not shown good cause for the delay. *City of Helena v. Roan*, 2010 MT 29, ¶ 9, 355 Mont. 172, 226 P.3d 601. We have also explained that "any pretrial motion for continuance filed by a defendant which has the incidental effect of delaying the trial beyond the six month time limit could be said to 'postpone trial' for purposes of § 46-13-401(2), MCA." *State v. Fitzgerald*, 283 Mont. 162, 166-67, 940 P.2d 108, 111 (1997). In *Fitzgerald*, the defendant filed two requests to continue the omnibus hearing which had the incidental effect of continuing the trial. Although finding that the trial date fell within the "good cause to the contrary exception" of § 46-13-401(2), MCA, this Court rejected Fitzgerald's suggestion that we limit the statutory speedy trial right to only those cases where a

defendant specifically requests that a trial date be extended beyond the six-month period. In *City of Helena v. Heppner*, 2015 MT 15, ¶ 16, 378 Mont. 68, 341 P.3d 640, however, we specifically determined the statutory speedy trial right is inapplicable where a defendant files a motion to vacate his trial date for a change of plea. Because Heppner had moved to vacate the initial trial date for a change-of-plea hearing and then moved, first individually and then jointly with the State, to continue the change-of-plea hearing, we determined that Heppner's actions removed him from the statutory protections of § 46-13-401(2), MCA.

¶15 Pepper filed a motion to continue the omnibus hearing and requested that all of the dates in the scheduling order be vacated. These dates included the motions hearing and scheduled trial date. Although Pepper argues he was forced to request the continuance because the City had not provided its discovery in time for him to prepare his motion to suppress, Pepper could have raised any discovery violations at the omnibus hearing without implicating or otherwise jeopardizing his statutory right to a speedy trial under the statute. In light of the clear and unequivocal language of § 46-13-401(2), MCA, which conditions mandatory dismissal on the defendant having not previously filed a motion which causes the trial to be postponed, Pepper should have availed himself of other options: for example, a motion to compel discovery or a motion for sanctions. Instead of pursuing either of these options, Pepper chose to file a motion to vacate all of the scheduled dates, including the trial date.

¶16 The plain language of § 46-13-401(2), MCA, allows for dismissal on speedy trial grounds only if "trial has not been postponed upon the defendant's motion." Here, it is

undisputed that Pepper filed at least one motion to continue and to vacate the trial date. Therefore, under the plain language of the statute, Pepper is not entitled to rely on § 46-13-401(2), MCA, for dismissal of his charges.

¶17 As a final matter, Pepper maintains his written judgment does not accurately reflect the sentence the City Court imposed and requests this Court to order the City Court to amend the written judgment. At Pepper's sentencing hearing, the City Court sentenced Pepper to six months at Yellowstone County Detention Facility (YCDF), with all but twenty days suspended, and did not prevent Pepper from participating in the YCDF work program. The written judgment, however, orders Pepper to serve six months at YCDF "with all but twenty (20) days of jail unsuspended" and that the "work program at YCDF is not authorized." The State has not responded to this issue. As the sentence orally pronounced from the bench in the presence of the defendant is the legally effective sentence and the oral pronouncement controls, *State v. Lane*, 1998 MT 76, ¶ 40, 228 Mont. 286, 957 P.2d 9, we remand for correction of the written judgment. *See also* § 46-18-116(3), MCA.

## CONCLUSION

¶18 The City Court did not err in determining that Pepper waived his right to the six-month speedy trial requirement of § 46-13-401(2), MCA, when he filed on July 3, 2014, his motion to vacate the scheduling order and to reset the omnibus hearing. Because Pepper filed a motion to vacate the scheduling order which included the trial date, he may not avail himself of the statutory protections afforded by § 46-13-401(2),

MCA. For this reason, it is not necessary to address whether the City had good cause for continuing the September 26, 2014 trial date.

¶19 The order of the District Court affirming the City Court's denial of Pepper's motion to dismiss is affirmed. We remand, however, for correction of the written judgment to conform to the City Court's oral pronouncement of Pepper's sentence.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE