FILED

05/09/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0549

DA 16-0549

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 111

CITY OF HELENA, MONTANA,

      Plaintiff and Appellee,

  v.

ANTHONY HAROLD GROVE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC 2016-159
Honorable DeeAnn Cooney, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Greg Beebe, Beebe Law Firm, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz,
Assistant Attorney General, Helena, Montana

          Thomas Jodoin, Helena City Attorney, Todd Baker, Deputy City
Attorney, Helena, Montana

Submitted on Briefs:  February 22, 2017

Decided:  May 9, 2017

Filed:

                                    Clerk

Justice Dirk M. Sandefur delivered the Opinion of the Court.

¶1      Following a traffic stop, a City of Helena police officer arrested Anthony Harold Grove and cited him for misdemeanor driving under the influence, third offense, and a related traffic offense.  Grove pled not guilty.  On the morning of his trial in the City of Helena Municipal Court, Grove filed a motion to dismiss the charges on the grounds that a trial delay violated his right to a speedy trial under § 46-13-401(2), MCA.  The Municipal Court denied the motion.  After a jury convicted him at trial, Grove appealed the Municipal Court's denial of his speedy trial motion to the First Judicial District Court.  The District Court affirmed and Grove timely appealed.  We reverse, addressing the following issue:

*Did the trial court correctly measure the six-month speedy trial deadline under § 46-13-401(2), MCA?*

## BACKGROUND

¶2      The sole issue turns on the proper measurement of "months" for purposes of § 46-13-401(2), MCA.  The relevant facts are not in dispute on appeal.

¶3      A Helena police officer cited Grove for two misdemeanor offenses on September 27, 2015.  Grove was arraigned on September 28, 2015.  The Municipal Court initially scheduled Grove's trial for February 18, 2016, but moved the trial *sua sponte* to March 29, 2016.  On the morning of trial, Grove filed a motion to dismiss, asserting the date of trial was one day past the six-month speedy trial deadline specified for misdemeanor prosecutions by § 46-13-401(2), MCA.  After the Municipal Court denied the motion, a jury convicted Grove as charged at a one-day jury trial on March 29, 2016.

2

**STANDARDS OF REVIEW**

¶4 District courts serve as intermediate appellate courts for cases tried in municipal courts. *City of Red Lodge v. Pepper*, 2016 MT 317, ¶ 11, 385 Mont. 465, 385 P.3d 547; §§ 3-5-303, 3-6-110, MCA. The scope of district court review on intermediate appeal is confined to review of the record and questions of law. *Pepper*, ¶ 11; § 3-6-110, MCA. We review district court appellate decisions under the applicable standard of review as if originally appealed to this Court. *Pepper*, ¶ 11 (citing *City of Kalispell v. Gabbert*, 2014 MT 296, ¶ 12, 377 Mont. 17, 338 P.3d 51). Whether a criminal defendant's statutory right to speedy trial has been violated is a question of law subject to de novo review for correctness. *Pepper*, ¶ 12 (citing *Gabbert*, ¶ 13).

**DISCUSSION**

¶5 *Did the trial court correctly measure the six-month speedy trial deadline under § 46-13-401(2), MCA?*

¶6 Except under circumstances not at issue here, the trial court shall dismiss, "with prejudice," a misdemeanor prosecution "not brought to trial within 6 months" "[a]fter the entry of a plea." Section 46-13-401(2), MCA. In accordance with the plain language of § 46-13-401(2), MCA, the term "6 months" means "6 calendar months rather than a specific number of days." *State v. Chesarek*, 1998 MT 15, ¶ 10, 287 Mont. 215, 953 P.2d 698; *accord State v. Hayes*, 1998 MT 14, ¶ 11, 287 Mont. 210, 953 P.2d 700 (citing *Black's Law Dictionary* 1007 (6th ed.1990)); § 1-1-301(3), MCA (a month "means a calendar month"). Thus, a "'month' means the time from any day of a month in the calendar to the corresponding day of the next month." *Hayes*, ¶ 11. For example:

3

> 1 month would be from the 29th day of May to the 29th day of June. Correspondingly, 6 months would be from the 29th day of May to the 29th day of November.

*Hayes*, ¶ 11.

¶7 Here, Grove pled not guilty on September 28, 2015. Reasoning that the 29th day of the month will occur seven times in the period from September 29, 2015, to and including March 29, 2016,[1] Grove asserts that his March 29, 2016, trial actually occurred one day after the last day of the statutory six-month period. However, based on *Hayes*, ¶ 8 (start date of six month statutory period is next day after entry of plea), the State asserts that Grove's trial timely occurred on March 29, 2016, the last day of the statutory six-month period after he pled guilty on September 28, 2015. In *Hayes*, ¶¶ 11-14, we rejected a day-counting method similar to the counting method asserted by Grove. However, for a different reason, we agree that that Grove's trial was untimely under the plain meaning of § 46-13-401(2), MCA.

¶8 Though we have consistently adhered to the plain meaning of § 46-13-401(2), MCA, we have inconsistently applied it in calculating the end date of the statutory six-month period after the date of entry of a defendant's plea. In *State v. Ronningen*, 213 Mont. 358, 691 P.2d 1348 (1984), the defendant pled not guilty to a misdemeanor on October 12, 1983. *Ronningen*, 213 Mont. at 360, 691 P.2d at 1349-50. Though we did not explicitly construe the meaning of the language of § 46-13-401(2), MCA, we noted the defendant's plea date of October 12, 1983, and thus concluded that April 12, 1984, was

---

[1] Because 2016 was a leap year, Grove counts February 29 among the seven dates numbered 29.

"the precise date on which six months had expired from the time defendant had entered his plea." *Ronningen*, 213 Mont. at 360-61, 691 P.2d at 1349-50. Based on the April 30, 1984, scheduled trial date, we affirmed the trial court's dismissal of the misdemeanor charge pursuant to § 46-13-401(2), MCA. *Ronningen*, 213 Mont. at 361, 691 P.2d at 1350.

¶9 Similarly, in *State v. Belgarde*, 244 Mont. 500, 798 P.2d 539 (1990), the defendant was cited on October 12, 1988. *Belgarde*, 244 Mont. at 507, 798 P.2d at 544. Again without explicit construction of § 46-13-201(2), MCA (1990), we concluded that the statutory six-month period expired on April 12, 1989. *Belgarde*, 244 Mont. at 507, 798 P.2d at 544. Based on the April 12, 1989, trial date, we affirmed the trial court determination that the trial was timely under § 46-13-201(2), MCA. *Belgarde*, 244 Mont. at 507, 798 P.2d at 544. Our calculations of the end date of the statutory six-month period in *Ronningen* and *Belgarde* are consistent with our subsequent plain meaning construction of § 46-13-401(2)'s calendar month counting example in *Hayes*, ¶ 11, which essentially calls for counting forward six months from the date of the plea to and including the day of the month that numerically corresponds with the date of the plea.

¶10 However, by reference to since-superseded M. R. App. P. 21(a) (1988),[2] *Belgarde* noted that the first day of the statutory six-month period is the day after the date of entry of plea. *Belgarde*, 244 Mont. at 507, 798 P.2d at 544 (recognizing October 13, 1988, as the start of the statutory six-month period). Our reference to this time computation rule of

---

[2] Successor M. R. App. P. 3 now similarly provides that, "[i]n computing any period of time . . . the day . . . from which the designated period of time begins to run shall not be included, but the last day of the period shall be included."

appellate procedure was consistent with the plain language of § 46-13-401(2), MCA, triggering the start of the statutory period "[a]fter the entry of a plea." However, setting up future imprecision, our summary analysis in *Belgarde* did not show or explain a uniform calendar month counting methodology, based on a next-day start date, that would result in our calculations of the end of the six-month period in *Ronningen* and *Belgarde*. *See Belgarde*, 244 Mont. at 507, 798 P.2d at 544.

¶11 Without reconciliation with the counting methodology apparent in our six-month period end date calculations in *Ronningen* and *Belgarde*, we carried forward and expressly applied *Belgarde*'s next-day start date concept in *Hayes* and *Chesarek*. *See Hayes*, ¶ 8 (citing *Belgarde* for the proposition "that the statutory 6-month period begins to run on the day following the event which triggers the running of the time limitation and expires 6 months later"); *Chesarek*, ¶ 10 (citing *Hayes* for the proposition that "that the 6-month period . . . begins to run the day after the entry of the plea and expires 6 months later"). Accordingly, in *Hayes*, based on a plea date of May 28, 1996, and a next-day start date of May 29, 1996, we concluded that the statutory six-month period expired "6 months later" on November 29, 1996. *Hayes*, ¶ 8. We thus affirmed the November 27, 1996, trial date as timely within the statutory six-month period. *Hayes*, ¶¶ 8 and 15. Similarly, in *Chesarek*, based on a plea date of February 7, 1996, and a next-day start date of February 8, 1996, we concluded that the last day of the statutory six-month period was August 8, 1996. *Chesarek*, ¶ 10. We thus affirmed the August 7, 1996, trial date as timely within the statutory six-month period. *Chesarek*, ¶¶ 10 and 14. Because of the one-day differential

6

that results from counting forward from either the date of plea or a day later, our six-month period end date calculations in *Ronningen* and *Belgarde* are irreconcilable with our end date calculations in *Hayes* and *Chesarek*. Though our ultimate holdings in those cases remain correct because the trial dates would have fallen with the statutory six-month period in either event, our calculations in *Hayes* and *Chesarek* incorrectly determined end dates that were actually one day later than the last day of the statutory six-month period after the date of entry of plea.

¶12 Therefore, we hereby reaffirm our plain meaning construction of § 46-13-401(2), MCA, in *Hayes*, ¶ 10, and *Chesarek*, ¶¶ 10-11. However, we clarify that the correct shorthand calculation method, as manifest in *Ronningen* and *Belgarde*, is to simply count forward six months on the calendar from the month of plea to the day in the sixth month corresponding to the numerical calendar day of the date of plea, which will then be last day of the six-month statutory period after the date of entry of plea. If the number of days in the sixth calendar month counting forward from the date of entry of plea is less than the numerical calendar date of entry of plea, then the last day of the statutory six-month period is last day of the sixth calendar month counting forward from the date of entry of plea.

¶13 This case manifests the critical importance of the correct application of our plain meaning construction of § 46-13-401(2), MCA. Grove pled not guilty on September 28, 2015. Using an incorrect month counting method as in *Hayes* and *Chesarek*, Grove's trial would have timely occurred on May 29, 2016. However, correctly counting forward six calendar months to the day of the sixth month that corresponds with his plea date, the last

day of the statutory six-month period after Grove's plea date was March 28, 2016. Therefore, we conclude that Grove's March 29, 2016, trial was untimely under the plain meaning of § 46-13-401(2), MCA.

**CONCLUSION**

¶14     We hold that the Municipal Court erred in denying Grove's motion to dismiss due to lack of speedy trial pursuant § 46-13-401(2), MCA.  We therefore reverse and remand for entry of an order vacating his misdemeanor conviction and dismissing the charge with prejudice.

/S/ DIRK M. SANDEFUR

We concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ JIM RICE