FILED

04/10/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0211

DA 16-0211

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 85N

CITY OF MISSOULA,

Plaintiff and Appellee,

v.

TODD P. JORDAN,

Defendant and Appellant.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 16-18
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender, Deborah S. Smith, Assistant Appellate
Defender, Helena, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

James P. Nugent, Missoula City Attorney, Gary L. Henricks, Deputy City
Attorney, Missoula, Montana

Submitted on Briefs:   March 21, 2018

Decided:   April 10, 2018

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Todd Jordan (Jordan) appeals from the February 26, 2016 order of the Fourth Judicial District Court, Missoula County, affirming the Missoula City Court's Order following a revocation hearing issued January 13, 2016. We reverse and remand.

¶3 On September 17, 2012, Jordan was charged with two counts of misdemeanor criminal mischief and one count of misdemeanor conspiracy to commit criminal mischief which was dismissed prior to trial. Following a jury trial, Jordan was convicted of the two remaining counts of misdemeanor criminal mischief. The Municipal Court sentenced Jordan to the following: six-months in jail, all suspended, on each offense to run consecutive and a $500 fine for each count. The Municipal Court also imposed a $110 surcharge for each offense, a $50 prosecution fee, $105.85 in restitution, and 566 hours of community service. Jordan appealed to the District Court and the sentence was stayed pending appeal. Subsequent to Jordan's counsel filing an *Anders* brief, the District Court entered its Order Denying Motion to Withdraw, Order Dismissing Appeal, Order of Remand and Lifting Stay on March 10, 2015. Jordan did not appeal the District Court's orders.

2

¶4     On remand, for an unknown reason the Municipal Court held a new sentencing hearing on April 8, 2015 and imposed a new sentence identical to the prior sentence with the exception the monthly payment start date was modified to May 1, 2015—it was previously ordered to start October 10, 2014.

¶5     On November 24, 2015, the City of Missoula filed a petition to revoke Jordan's suspended sentence, alleging he violated the sentence by failing to complete community service, failing to pay fines, fee, and/or costs, and failing to pay restitution. Following a hearing, the Municipal Court issued its Order on January 13, 2016, finding Jordan violated conditions of his suspended sentence by failing to complete his community service, failing to pay fines, fees and costs, and failing to pay restitution. The Municipal Court then re-sentenced Jordan imposing a six-month sentence with all but thirty days suspended for the first criminal mischief charge and a six-month sentence with all but ten days suspended for the second criminal mischief charge. The Municipal Court also required Jordan to "complete 100 hours of community service" with fifty hours being completed "within 3 months of sentencing and 50 hours each three months thereafter," to "pay an additional prosecution fee of $50.00," noted "restitution is waived with completion of 40 hours of community service," and ordered "previous fines/surcharges/restitution are re-imposed; payments of $25.00 will be made monthly starting 3/31/2016." Jordan appealed this Order to the District Court and the District Court ultimately affirmed the Municipal Court's decision. From this affirmation, Jordan appeals.

¶6     With regard to Jordan's appeal from Municipal Court, the District Court acted as an intermediate appellate court. The scope of a district court's review on intermediate appeal

3

is confined to review of the record and questions of law. We review a district court's appellate decisions under the applicable standard of review as if originally appealed to this Court. *City of Helena v. Grove*, 2017 MT 111, ¶ 4, 387 Mont. 378, 394 P.3d 189.

¶7     Jordan asserts the District Court erred in affirming the Municipal Court's Order in three ways: (1) the Municipal Court lacked authority to revoke Count 1 as the sentence expired before the City filed the revocation petition, (2) the Municipal Court imposed a new $50 prosecution cost not authorized by § 46-18-203(7), MCA, and (3) the Municipal Court failed to credit Jordan for three days of pre-trial jail time as required by § 46-18-403(1), MCA.

¶8     Jordan asserts the sentence imposed by the Municipal Court on the first count of criminal mischief expired before the City filed its petition to revoke. Jordan further asserts that the 100-hour community service requirement by the Municipal Court's order requiring all the hours be completed within six months of sentencing has likewise expired.

¶9     Section 46-18-203(2), MCA, requires a petition for revocation be filed prior to the sentence expiring. The City concedes it "had no authority to petition to revoke Jordan's 6-month suspended sentence for the first count of criminal mischief and the municipal court had no authority to revoke Jordan's expired sentence." The City further asserts the matter should be remanded to the Municipal Court to amend its revocation and sentencing order to strike the sentence imposed for the first count of criminal mischief, including the six-month jail sentence with all but thirty days suspended, the $500 fine, and the $110 surcharge. The City, however, does not concede the Municipal Court intended Jordan's community service obligation to apply only to the first count of criminal mischief. The

4

City contends if this Court determines the Municipal Court's intention is unclear regarding the imposition of community service the matter should be remanded to clarify the order.

¶10 We agree. As such, we remand this matter to the Municipal Court to modify the revocation and sentencing order to strike the sentence imposed for the first count of criminal mischief, including the six-month jail sentence with all but thirty days suspended, the $500 fine and the $110 surcharge. Further, the Municipal Court should clarify its order regarding the imposition of 100 hours of community service as it pertains to each Count 1 and Count 2.

¶11 Jordan asserts upon revocation, the Municipal Court imposed a new $50 prosecution cost not authorized by § 46-18-203(7), MCA. The City responds, "contrary to Jordan's claim, in its order, the municipal court did not re-impose the $50 cost of prosecution ordered in the original sentence. . . . Accordingly, Jordan is only responsible for $50 in prosecution costs." The City then admits "the municipal court's order could have been clearer" and advocates upon "remand the municipal court should clearly state in the amended revocation and sentencing order that Jordan is only responsible for $50 in prosecution cost." We agree the Municipal Court's order could have been clearer and prosecution fees are not permitted with regard to a revocation pursuant to § 46-18-203(7), MCA. As such, it is appropriate to remand to the Municipal Court to amend its sentencing and revocation order to clearly reflect Jordan is only responsible for payment of a total of $50 in prosecution costs.

¶12 Finally, Jordan asserts he was entitled to receive credit for three days of pre-trial incarceration on the second count of criminal mischief pursuant to the requirements of

§ 46-18-403(1), MCA. The City does not dispute Jordan served three days of pre-trial incarceration for which he did not receive credit against his sentence. Rather, the City asserts Jordan failed to raise this issue at the lower court level and, as such, the court lacks jurisdiction to address this issue on appeal. Jordan counters he is not attacking the validity of his criminal convictions, but merely wants to receive credit for the three days as provided in § 46-18-403(1), MCA. It is well-established we will not address an issue raised for the first time on appeal. *State v. Gunderson*, 2010 MT 166, ¶ 99, 357 Mont. 142, 237 P.3d 74. Jordan failed to raise the issue of pre-trial incarceration credit to the Municipal Court or District Court; thus, we will not address the issue on appeal.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14 Reversed and remanded to the Municipal Court to amend the revocation and sentencing order consistent with this opinion.


/S/ INGRID GUSTAFSON

We concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE