Justice Laurie McKinnon delivered the Opinion of the Court.
***304 ¶1 Christine Lynne Shumway (Shumway) appeals an order from the Fourth Judicial District Court, Missoula County, affirming her convictions for two counts of criminal possession of drug paraphernalia in the Missoula City Municipal Court. We affirm.
***305 ¶2 Shumway presents the following issues for review, which we restate as:
1. Did Shumway bear the burden of proving she fit under a statutory exception for criminal possession of drug paraphernalia for individuals in compliance with the Medical Marijuana Act?
2. Did sufficient evidence support Shumway's convictions of criminal possession of drug paraphernalia?
FACTUAL AND PROCEDURAL BACKGROUND
¶3 On September 24, 2016, City of Missoula Police Officer Nathan Mattix (Mattix) responded to a call at a Missoula Walmart where employees held two individuals they suspected of shoplifting, one of which was Shumway. Mattix eliminated Shumway as a shoplifting suspect but arrested her after he discovered she had outstanding warrants.
¶4 During the arrest, Shumway told Mattix that she had two glass "marijuana pipes" in her purse but that she had a Montana Marijuana Act (MMA) registry identification card (Registry Card). However, Shumway did not provide Mattix with a Registry Card, and Mattix did not uncover any evidence Shumway in fact possessed one. Mattix cited Shumway with two counts of criminal possession of drug paraphernalia under § 45-10-103, MCA.
¶5 At trial, the City introduced the two glass pipes into evidence, and Mattix confirmed they were the same pipes he seized from Shumway. He confirmed that based on his inspection of the glass pipes, he determined they contained burned marijuana residue. From his observations, he inferred each pipe had been previously used to consume marijuana. Shumway did not testify or otherwise present evidence.
¶6 Section 45-10-103, MCA, provides an exception from arrest and prosecution for criminal possession of marijuana-related drug paraphernalia for individuals who possess a valid Registry Card and are in compliance with the MMA (MMA Exception). The Municipal Court held Shumway needed to show proof she had a valid Registry Card before the statute's MMA Exception could apply to her. Shumway did not offer any such proof. Therefore, based on Mattix's testimony, the glass pipes with burned marijuana residue, and Shumway's failure to provide proof that she possessed a valid Registry Card, the Municipal Court found Shumway guilty of both counts of criminal possession of drug paraphernalia.
¶7 Shumway appealed to the District Court. The District Court affirmed her convictions and held Shumway bore the burden of proving ***306 the MMA Exception applied to her. She appeals now.
STANDARD OF REVIEW
¶8 "District courts serve as intermediate appellate courts for cases tried in municipal courts." City of Helena v. Grove , 2017 MT 111, ¶ 4, 387 Mont. 378, 394 P.3d 189. We review district court appellate decisions under the applicable standard of review *921 as if the defendant originally appealed to this Court. Grove , ¶ 4.
¶9 We review a trial court's statutory interpretation to determine whether the interpretation is correct. State v. Sutton , 2018 MT 143, ¶ 11, 391 Mont. 485, 419 P.3d 1201. "[W]hen interpreting statutes within an act, we interpret individual sections of the act in a manner that ensures coordination with the other sections of the act." Sutton , ¶ 11 (quoting State v. Pirello , 2012 MT 155, ¶ 16, 365 Mont. 399, 282 P.3d 662 ). We review de novo a district court's conclusion as to whether sufficient evidence exists to support a trial court's verdict. Sutton , ¶ 10.
DISCUSSION
¶10 1. Did Shumway bear the burden of proving she fit under a statutory exception for criminal possession of drug paraphernalia for individuals in compliance with the Medical Marijuana Act?
¶11 Shumway argues that the City bore the burden of proving she was not in compliance with the MMA, which would have exempted her from prosecution under § 45-10-103, MCA. Pointing to the record's lack of proof about whether she did or did not possess a valid Registry Card, Shumway argues the City failed to meet that burden. The City argues Shumway bore the burden of proving the MMA Exception applied to her because the exception is not an element of criminal possession of drug paraphernalia.
¶12 Section 45-10-103, MCA, which criminalizes possession of drug paraphernalia, states, "Except as provided in [the MMA], it is unlawful for a person ... to possess with intent to use drug paraphernalia to ... inhale, or otherwise introduce into the human body a dangerous drug." Section 45-10-103, MCA. Section 50-32-222(4)(x), MCA, defines marijuana as a dangerous drug. Through the MMA, however, the Legislature created an exception from arrest and prosecution for marijuana-related crimes for individuals who comply with the MMA's ***307 regulatory system. Sutton , ¶ 14 ; see §§ 50-46-301 to -345, MCA.[1]
¶13 Pursuant to the MMA, the Department of Public Health and Human Services issues Registry Cards to qualifying individuals and maintains a confidential list of the individuals who possess them. Sections 50-46-303(9), -307, MCA. An individual who obtains a valid Registry Card is generally exempt from prosecution for marijuana-related crimes so long as she obtained the Registry Card before arrest; a valid Registry Card entitles her to a rebuttable presumption that she is using or possessing marijuana in compliance with the MMA. Section 50-46-319(2), (7), (8), MCA. However, a registered cardholder must keep her Registry Card in her immediate possession at all times and must display it to law enforcement upon demand. Section 50-46-317, MCA. Registry Cards also have expiration dates-the MMA does not protect an individual with an expired Registry Card from prosecution for marijuana-related crimes. Sections 50-46-302(19), -303(7), MCA.
¶14 In any criminal case, "a defendant who relies upon an exception to a statute made by a proviso or distinct clause, whether in the same section of the statute or *922 elsewhere, has the burden of establishing and showing that he comes within the exception." United Statesv. Guzman-Mata , 579 F.3d 1065, 1073 (9th Cir. 2009) (quoting United States v. Freter , 31 F.3d 783, 788 (9th Cir. 1994) ); see McKelvey v. United States , 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301 (1922) (confirming that, with regard to an exception made by a proviso or other distinct clause, "it is incumbent on one who relies on such an ***308 exception to set it up and establish it"); State v. Karathanos , 158 Mont. 461, 467, 493 P.2d 326, 329 (1972) (holding the State does not need to negate an exception contained in a statute, but rather, "such exception is matter to be asserted in defense"); State v. Wood , 53 Mont. 566, 572, 165 P. 592, 594 (1917) (holding the State only needs to negate an exception when the exception is an element of the crime); see also People v. Close , 238 Ill.2d 497, 345 Ill.Dec. 620, 939 N.E.2d 463, 469 (2010) ("[I]f the exception, instead of being a part of the description of the offense, merely withdraws certain acts or certain persons from the operation of the statute, it need not be negatived [by the State]...."); State v. Valinski , 254 Conn. 107, 756 A.2d 1250, 1260 (2000) ("[W]here exceptions to a prohibition in a criminal statute are situated separately from the enacting clause, the exceptions are to be proven by the defense ." (emphasis in original)).
¶15 Contrary to Shumway's arguments, nothing in the plain language of § 45-10-103, MCA, requires the State to prove a defendant does not have a valid Registry Card as an element of criminal possession of drug paraphernalia. Likewise, nothing in the plain language of the MMA requires the State to prove a defendant does not have a valid Registry Card in order to prosecute her for marijuana-related crimes. Noncompliance with the MMA only exposes an individual-even one whose compliance may have otherwise qualified her for an exemption-to prosecution for marijuana-related crimes.
¶16 The statement "[e]xcept as provided in [the MMA]" is a separate and distinct clause from the statutory elements of criminal possession of drug paraphernalia. See § 45-10-103, MCA. The MMA Exception is not an element of criminal possession of drug paraphernalia, and it does not influence or alter the statutory elements of the crime. See Freter , 31 F.3d at 788-89. Instead, the MMA Exception narrowly exempts a certain class of persons from arrest and prosecution-those in compliance with the MMA.
¶17 Therefore, to avail herself of the MMA Exception under § 45-10-103, MCA, Shumway bore the burden of establishing and showing she came within the exception. See Guzman-Mata , 579 F.3d at 1073. However, at trial, Shumway presented no evidence of whether she had a valid Registry Card and whether she was in compliance with the MMA. She thus failed to establish or show she came within the MMA Exception to § 45-10-103, MCA.
¶18 Shumway argues our holding in State v. Johnson , 2012 MT 101, ¶ 30, 365 Mont. 56, 277 P.3d 1232, is dispositive because we stated that to support Johnson's particular conviction for marijuana possession, ***309 "the State had to show that Johnson was not shielded from prosecution by the MMA, and that she possessed a dangerous drug." However, Johnson is distinguishable. Johnson possessed a valid Registry Card and presented it to law enforcement, which established she was entitled to the MMA Exception to § 45-10-103, MCA. Johnson , ¶ 5. The MMA Exception, however, did not entirely preclude her eventual conviction for criminally possessing marijuana; rather, it only entitled her to a rebuttable presumption that she possessed marijuana in compliance with the MMA. See § 50-46-319(8), MCA. Because Johnson possessed a valid Registry Card, we held that to convict her, the State had to rebut the presumption that her marijuana possession complied with the requirements of the MMA. The State successfully did so: it provided evidence that Johnson's possession of marijuana was noncompliant with the MMA because "she did not obtain the marijuana in her possession from her registered caregiver." Johnson , ¶ 32.
¶19 Unlike Johnson, Shumway never provided any evidence she had a valid Registry Card. Therefore, she was not entitled to a rebuttable presumption that she possessed marijuana-related drug paraphernalia in compliance with the MMA, and the City had *923 no presumption to rebut. Consequently, to convict Shumway, the City only needed to prove that she purposely or knowingly possessed with intent to use drug paraphernalia to inhale a dangerous drug. Section 45-10-103, MCA. The Municipal Court correctly held Shumway bore the burden of establishing and showing she came within the MMA Exception. The District Court did not err by affirming the Municipal Court's holding.
¶20 2. Did sufficient evidence support Shumway's convictions of criminal possession of drug paraphernalia?
¶21 Shumway further argues the City failed to provide sufficient evidence that she intended to use the drug paraphernalia to inhale a dangerous drug. We disagree. When reviewing whether sufficient evidence exists to support a trial court's verdict, "we view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." Sutton , ¶ 10. We review the verdict only to determine whether sufficient evidence exists to support it, not whether the evidence could have supported a different result. Sutton , ¶ 10.
¶22 Sufficient evidence supports Shumway's convictions. Through Mattix's testimony, the City established: (1) Shumway told Mattix she had two "marijuana pipes" in her purse; (2) Mattix confiscated the pipes; and (3) Mattix observed the pipes contained burned marijuana ***310 residue. The City further admitted the marijuana pipes into evidence after Mattix testified they were the same pipes he confiscated from Shumway.
¶23 When viewing the evidence in the light most favorable to the City, we conclude a rational trier of fact (here, the Municipal Court) could have found all the essential elements of criminal possession of drug paraphernalia beyond a reasonable doubt. A rational trier of fact could have inferred Shumway's intent to use the pipes to inhale marijuana based on Shumway's admission to Mattix that she had "marijuana pipes" in her purse and Mattix's observation of the marijuana residue within them. Thus, a rational trier of fact could have concluded beyond a reasonable doubt that Shumway possessed the glass pipes with intent to use them to inhale marijuana. The District Court did not err in concluding sufficient evidence supported Shumway's convictions.
CONCLUSION
¶24 Because Shumway relied upon the MMA Exception-an exception to § 45-10-103, MCA, made by a distinct clause-she bore the burden of establishing and showing she came within the exception. Shumway failed to show she possessed a Registry Card and was in compliance with the MMA. Therefore, she was not entitled to a protection from prosecution through the MMA Exception under § 45-10-103, MCA. Moreover, sufficient evidence supports her convictions of criminal possession of drug paraphernalia. The District Court correctly affirmed Shumway's Municipal Court convictions. We affirm.
We concur:
MIKE McGRATH, C.J.
INGRID GUSTAFSON, J.
BETH BAKER, J.
JAMES JEREMIAH SHEA, J.
DIRK M. SANDEFUR, J.
JIM RICE, J.

Shumway argues the City convinced the Municipal Court to shift the burden to prove an affirmative defense that Shumway has a valid Registry Card. An affirmative defense, however, is "one that admits the doing of the act charged, but seeks to justify, excuse or mitigate it." State v. Daniels , 2011 MT 278, ¶ 15, 362 Mont. 426, 265 P.3d 623 (quoting State v. Nicholls , 200 Mont. 144, 150, 649 P.2d 1346, 1350 (1982) ). There is no need for an affirmative defense when the conduct is not unlawful in the first instance; an affirmative defense is necessary only when the charged conduct is unlawful but the unlawful conduct is excused by, for example, "compulsion, entrapment, [or] justifiable use of forc...." Section 46-15-323(2), MCA. Here, the MMA does not provide for an affirmative defense; the MMA is not one of the enumerated affirmative defenses in § 46-15-323, MCA ; and Shumway has not provided notice or otherwise indicated she is raising the MMA as an affirmative defense. Notably, the MMA once provided an explicit affirmative defense for a defendant charged with any criminal offense involving marijuana if she obtained an after-the-fact opinion from a physician that the potential benefits of medical marijuana would likely outweigh the health risks for the defendant. The Legislature, however, removed this affirmative defense in 2011. 2011 Mont. Laws 1807. The existing version of the MMA makes no reference to an affirmative defense.