FILED

03/30/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0260

DA 19-0260

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 77N

CITY OF BILLINGS,

      Plaintiff and Appellee,

    v.

JENNIFER MICHELLE NORRIS-OSTERMILLER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 18-1404
Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      John Ferguson, Ferguson Law Office, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Michael P. Dougherty, Assistant Attorney General, Helena, Montana

      Charles Brently Brooks, Billings City Attorney, Jacquelyn H. Grewell, Deputy City Attorney, Billings, Montana

               Submitted on Briefs: January 13, 2021

                     Decided: March 30, 2021

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jennifer Michelle Norris-Ostermiller appeals from the March 11, 2019 order of the Thirteenth Judicial District Court, Yellowstone County, affirming her conviction in the Billings Municipal Court of criminal possession of dangerous drugs. Norris-Ostermiller raises the following issue on appeal: whether the Municipal Court erred by denying Norris-Ostermiller's motion to dismiss based on a violation of her due process rights under the *Brady* doctrine after the City did not produce a jail booking video prior to trial. We affirm.

¶3 On December 13, 2016 Norris-Ostermiller was involved in a multiple vehicle accident. The Billings Police Department responded to the accident and arrested Norris-Ostermiller for suspicion of driving under the influence pursuant to § 61-8-401(1), MCA, after she told the officers she had been smoking marijuana. Norris-Ostermiller was searched by Billings Police Department Officer Kirkpatrick at the scene but no marijuana was found on her person.

¶4 During a routine booking procedure "pat search" at Yellowstone County Detention Facility, a bag that appeared to be marijuana was found in Norris-Ostermiller's jacket pocket. The detention officer gave the marijuana to officers with the Billings Police

Department and Norris-Ostermiller was then charged with criminal possession of dangerous drugs pursuant to § 45-9-102(2), MCA.

¶5 Norris-Ostermiller sent a pro se discovery request to the Billings City Attorney's Office prior to her arraignment for "dash cam footage and any other video taken, produced and preserved – to include jail footage on top of the video made by the Billings Police Department." At her arraignment, Norris-Ostermiller stated her request for this footage was to prove that, "[she] was not allowed to make a statement to the police following her arrest."

¶6 Norris-Ostermiller changed counsel three times and represented herself pro se at one point due to disagreements with her attorneys. Norris-Ostermiller filed a motion for production of exculpatory and impeachment evidence, including "all photographic and video/audiotape recordings in the possession of plaintiff or its statutory agent officers." The City filed a response stating the information requested had already been provided to Norris-Ostermiller's attorneys and that any video could be requested at the Billings Police Department.

¶7 At the final pretrial conference, Norris-Ostermiller's attorney moved the Municipal Court to compel the production of any video taken during her booking at Yellowstone County Detention Facility. The Municipal Court advised the City to produce the video if the video was in its possession. The City did not object to producing the video but stated that the video may not have been archived due to the passage of time. The video was not produced.

3

¶8 The City dismissed the driving under the influence charge and a jury trial proceeded on the possession charge. Prior to trial, Norris-Ostermiller moved to dismiss her case alleging the City committed a *Brady* violation after failing to produce the booking video taken at the Yellowstone County Detention Facility. The Municipal Court denied the motion because the video was never in the City's possession and the detention center was not the City's agent.

¶9 The jury convicted Norris-Ostermiller of criminal possession of dangerous drugs. Norris-Ostermiller appealed the denial of the *Brady* motion to the Montana Thirteenth Judicial District Court. The District Court affirmed the Municipal Court, agreeing that the City was never in possession of Norris-Ostermiller's booking video. The District Court made clear that the City provided evidence to show that a party must serve a subpoena duces tecum on the detention center to obtain a booking video. The District Court found that Norris-Ostermiller did not provide any evidence showing an attempt to contact the detention center by her or her various attorneys in the case.

¶10 District courts serve as intermediate appellate courts for cases tried in municipal courts. *City of Helena v. Grove*, 2017 MT 111, ¶ 4, 387 Mont. 378, 394 P.3d 189. We review a district court's appellate decision under the applicable standard of review as if originally appealed to this Court. Section 3-6-110(1), MCA; *Grove*, ¶ 4. The scope of a district court's review on intermediate appeal is confined to review of the record and questions of law. Section 3-6-110(1), MCA; *Grove*, ¶ 4. We examine the record

4

independently of the district court, applying the appropriate standards of review. *City of Missoula v. Tye*, 2016 MT 153, 384 Mont. 24, 372 P.3d 1286.

¶11 Our review of constitutional questions, including alleged *Brady* violations, is plenary. *State v. Ilk*, 2018 MT 186, ¶ 15, 392 Mont. 201, 422 P.3d 1219. A district court's decision on a motion to dismiss in a criminal case presents a question of law that this Court reviews de novo. *State v. Colvin*, 2016 MT 129, ¶ 10, 383 Mont. 474, 372 P.3d 471. Findings of fact are reviewed to determine whether they are clearly erroneous. *Colvin*, ¶ 10. A district court's discretionary decisions are reviewed for an abuse of discretion. *Colvin*, ¶ 10.

¶12 Norris-Ostermiller argues the City had a duty under *Brady* to disclose the Yellowstone County Detention Facility booking video because it is exculpatory evidence. Norris-Ostermiller contends the failure to preserve and produce the video warrants dismissal of the criminal possession of dangerous drugs charge that requires her conviction to be reversed.

¶13 A criminal defendant has a constitutional right to obtain exculpatory evidence held by the government. *Colvin*, ¶ 12 (citing *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). To prove a due process violation under *Brady*, a defendant must show: (1) the City possessed evidence, including impeachment evidence, favorable to the defense; (2) the prosecution suppressed the favorable evidence; and (3) had the evidence been disclosed, a reasonable probability exists that the outcome of the proceedings would have been different. *Ilk*, ¶ 29. The defendant bears the burden of proving all three prongs

5

can be met to establish a *Brady* violation. *Ilk*, ¶ 30. "The defense must make a showing of more than mere speculation about materials in the government's files." *Ilk*, ¶ 31.

¶14 Norris-Ostermiller's *Brady* violation argument fails the third prong. Norris-Ostermiller admits the booking video would have shown the detention officer finding marijuana in her pocket. There is no reasonable probability that a video of a detention officer finding the evidence that forms the basis of the charge in the defendant's possession would have been favorable to her defense, even though, as Norris-Ostermiller points out, it was not found on her earlier at the scene of the accident during a routine pat-down search. Since Norris-Ostermiller's argument fails the third prong, we need not consider whether she satisfies the remaining prongs of the test. The District Court did not err by affirming the Municipal Court's denial of Norris-Ostermiller's motion to dismiss based on an alleged *Brady* violation.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR

6